# SUPREME COURT OF WISCONSIN

| | |
|---|---|
| CASE NO.: | 2015AP2328-CR |
| COMPLETE TITLE: | State of Wisconsin, Plaintiff-Respondent, v. Shaun M. Sanders, Defendant-Appellant-Petitioner. |

REVIEW OF A DECISION OF THE COURT OF APPEALS
Reported at 375 Wis. 2d 248, 895 N.W.2d 41
PDC No:  2017 WI App 22 - Published

| | |
|---|---|
| OPINION FILED: | May 18, 2018 |
| SUBMITTED ON BRIEFS: | |
| ORAL ARGUMENT: | December 5, 2017 |

| | |
|---|---|
| SOURCE OF APPEAL: | |
| COURT: | Circuit |
| COUNTY: | Waukesha |
| JUDGE: | Jennifer Dorow and Lee S. Dreyfus, Jr. |

| | |
|---|---|
| JUSTICES: | |
| CONCURRED: | A.W. BRADLEY, J., concurs, joined by ABRAHAMSON, J. (opinion filed). |
| DISSENTED: | |
| NOT PARTICIPATING: | |

ATTORNEYS:

For the defendant-appellant-petitioner, there were briefs filed by *Craig M. Kuhary* and *Walden & Schuster*, *S.C.*, Waukesha. There was an oral argument by *Craig M. Kuhary.*

For the plaintiff-respondent, there was a brief filed by *Kevin M. LeRoy*, deputy solicitor general, with whom on the brief were *Brad D. Schimel*, attorney general; *Misha Tseytlin*, solicitor general; and *Ryan J. Walsh*, chief deputy solicitor general.  There was an oral argument by *Kevin M. LeRoy.*

NOTICE

This opinion is subject to further editing and modification. The final version will appear in the bound volume of the official reports.

No. 2015AP2328-CR
(L.C. No. 2013CF1206)

STATE OF WISCONSIN : IN SUPREME COURT

State of Wisconsin,

    Plaintiff-Respondent,

    v.

Shaun M. Sanders,

    Defendant-Appellant-Petitioner.

**FILED**

**MAY 18, 2018**

Sheila T. Reiff
Clerk of Supreme Court

REVIEW of a decision of the Court of Appeals. *Affirmed.*

¶1 MICHAEL J. GABLEMAN, J. This is a review of a published decision of the court of appeals affirming the Waukesha County Circuit Court's judgment of conviction[1] and order denying postconviction relief[2] to Shaun Sanders. State v. Sanders, 2017 WI App 22, 375 Wis. 2d 248, 895 N.W.2d 41.

---

[1] The Honorable Jennifer Dorow presided over Sanders' trial and sentencing.

[2] The Honorable Lee S. Dreyfus, Jr. presided over Sanders' postconviction proceedings.

¶2 Sanders raises a single issue for our review: do circuit courts possess statutory competency[3] to proceed in criminal matters when the adult defendant was charged for conduct he committed before his tenth birthday?

¶3 We hold that circuit courts possess statutory competency to proceed in criminal matters when the adult defendant was charged for conduct he committed before his tenth birthday. The defendant's age at the time he was charged, not his age at the time he committed the underlying conduct, determines whether the circuit court has statutory competency to hear his case as a criminal, juvenile delinquency, or JIPS matter. Consequently, the circuit court in this case possessed statutory competency to hear Sanders' case as a criminal matter because he was an adult at the time he was charged. Therefore, his counsel did not perform deficiently by failing to raise a meritless motion. Accordingly, we affirm the court of appeals.

---

[3] The concepts of statutory competency and subject matter jurisdiction are often conflated. Kett v. Cmty. Credit Plan, Inc., 228 Wis. 2d 1, 13 n.12, 596 N.W.2d 786 (1999). We discuss the concepts of competency and subject matter jurisdiction in greater detail in paragraphs 19-24 below. Briefly stated, statutory competency is the concept that the legislature may prescribe how courts may address particular types of cases such as those involving juveniles alleged to be in need of protection or services, as opposed to those involving criminal defendants.

## I. BACKGROUND

### A. Statutory Background

¶4    In order to understand this case, one must understand the three forms of statutory competency exercised in Wisconsin over those accused of committing criminal conduct.

¶5    A person who is 17 years of age or older is subject to a criminal proceeding. See Wis. Stat. § 938.02(10m) (2013-14).[4] A person convicted in a criminal proceeding may be subject to confinement in the state prison system or a county jail, fines, or probationary supervision. See Wis. Stat. §§ 973.01, 973.03, 973.05, 973.09.

¶6    A juvenile[5] "10 years of age or older who is alleged to be delinquent" is subject to a juvenile delinquency proceeding. Wis. Stat. § 938.12(1). A juvenile adjudged delinquent may be subject to, inter alia, placement in a juvenile correctional facility or juvenile portion of a county jail, forfeiture, suspension of driving privileges, counseling, supervision, electronic monitoring, restitution, supervised work or community service, or drug testing. Wis. Stat. § 938.34.

---

[4] All subsequent references to the Wisconsin Statutes are to the 2013-14 version unless otherwise indicated.

[5] For purposes of the juvenile justice code, a juvenile is "a person who is less than 18 years of age, except that for purposes of investigating or prosecuting a person who is alleged to have violated a state or federal criminal law or any civil law or municipal ordinance, 'juvenile' does not include a person who has attained 17 years of age." Wis. Stat. § 938.02(10m).

¶7 A juvenile "under 10 years of age [who] has committed a delinquent act" is subject to a JIPS[6] proceeding. Wis. Stat. § 938.13(12). A juvenile adjudged in need of protection or services may be subject to all of the dispositions available for those adjudged delinquent, except placement in a juvenile correctional facility or juvenile portion of a county jail, forfeiture, suspension of driving privileges (unless the JIPS matter involves habitual truancy), and placement in a facility for treatment of a developmental disability or mental illness unless the juvenile suffers from one of those conditions. Wis. Stat. § 938.345.

B. Factual and Procedural Background of Sanders' Case

¶8 Starting when Sanders was around eight or nine years old, and his younger sister H.S. was six or seven years old,[7] he would ask for a "peek," which meant H.S. was expected to lift her shirt and expose her breasts. As time elapsed, peeks progressed to include Sanders touching and sucking H.S.'s breasts, and eventually Sanders forcing oral sex on H.S.

---

[6] JIPS is an abbreviation for "juvenile in need of protection or services." See State v. Jeremiah C., 2003 WI App 40, ¶1, 260 Wis. 2d 359, 659 N.W.2d 193.

[7] The evidence introduced at trial was unclear as to whether the illegal conduct started when Sanders was eight or nine. H.S. testified that it began when she was six or seven, which would make Sanders eight or nine because he is approximately two years older than H.S. See also infra, ¶¶25-27. Whether the illegal conduct began when Sanders was eight or nine is irrelevant because, in either event, he was less than ten years old and thus would have been subject to a JIPS proceeding at that time.

¶9    The abuse stopped when Sanders was 18 and H.S. was 16. H.S.'s boyfriend, R.N., heard Sanders request a peek while R.N. was Skyping[8] with H.S.   H.S. immediately terminated the Skype call, and reconnected approximately one minute later.   H.S. told R.N. what it meant when Sanders requested a peek, but swore him to secrecy.   R.N. told a school official about the incident a few months later.   The school reported the allegations to the local police, who then launched an investigation.

¶10    The district attorney charged Sanders with four counts of criminal misconduct:   (1) repeated sexual assault of a child contrary to Wis. Stat. § 948.025(1)(a)[9] for conduct occurring between September 26, 2003, and June 5, 2006; (2) repeated sexual assault of a child contrary to § 948.025(1)(e) for conduct occurring between September 26, 2008, and September 25, 2012; (3) incest contrary to Wis. Stat. § 948.06(1) for conduct occurring between September 26, 2008, and September 25, 2012; and (4) child enticement contrary to Wis. Stat. § 948.07(1) for conduct occurring between September 26, 2008 and September 25,

_____

[8] Skype is a software program that allows users to communicate in real time over the internet through video, audio, and instant messaging.

[9] The complaint does not specify which version of the statutes it applies to Sanders.   We note that the State appears to have charged Sanders based on the version of the statutes in effect at the time the conduct occurred because the complaint lists count one as a class B felony, but count one became a class A felony in 2008.   See 2007 Wis. Act 80, § 14.   In any event, the specific version of the statutes underlying Sanders' charges is not important to our disposition of the issue before us.

5

2012. According to the information filed by the State, Sanders was 9[10] through 12 years old during the time period charged in count one and 14 through 18 years old during the time periods charged in counts two through four. Sanders was 19 years old when the charges were filed.

¶11 At the close of the State's case-in-chief, Sanders' counsel moved for an order to dismiss count one, repeated sexual assault of a child contrary to Wis. Stat. § 948.025(1)(a) for conduct occurring between September 26, 2003, and June 5, 2006. Counsel based his motion on lack of evidence. Specifically, Sanders' counsel argued that the State did not present any evidence that Sanders had been sexually gratified by peeks during the time period charged in count one, when he was either eight or nine to 12 years old.[11] The circuit court understood the issue to be one of jurisdiction, rather than evidence or competency, and took the motion under advisement. The jury acquitted Sanders of count one, but convicted him of counts two through four. The circuit court never addressed the merits of Sanders' motion to dismiss count one.

---

[10] As noted in footnote 7, there was some discrepancy at trial as to whether Sanders was eight or nine when the illegal conduct began. Also as noted in footnote 7, the precise age is irrelevant.

[11] In order to convict a defendant of repeated sexual assault of a child contrary to Wis. Stat. § 948.025(1)(a), the State must prove beyond a reasonable doubt that the defendant engaged in sexual contact "for the purpose of sexually degrading or sexually humiliating the complainant or sexually arousing or gratifying the defendant." Wis. Stat. § 948.01(5)(a).

¶12 Sanders brought a postconviction motion alleging, inter alia, that his trial counsel was ineffective for failing to bring a pre-trial motion to dismiss count one.  Even though Sanders was acquitted of count one, he alleged that he was prejudiced because the inclusion of count one allowed evidence of acts taking place between September 26, 2003, and June 5, 2006, to be admitted that would have been irrelevant and, therefore, presumably excluded, if count one had been dismissed. Specifically, Sanders confessed to police and testified at trial that he engaged in peeks with H.S. when he was eight to nine years old, but the peeks ended after one month and never progressed beyond viewing H.S.'s breasts.[12]  Sanders argued that his confession would have been irrelevant, and thus inadmissible, without count one.  He argued that he was prejudiced because the confession added credibility to H.S.'s testimony and detracted from what his defense would otherwise have been but for count one; specifically, that the peeks never happened.

¶13 The circuit court denied Sanders' postconviction motion.  Relying on our reasoning in State v. Annala, 168 Wis. 2d 453, 484 N.W.2d 138 (1992), the circuit court concluded that the defendant's age at the time he is charged, not his age at the time the underlying conduct occurred, determines whether

---

[12] In the same police interview where Sanders confessed to engaging in peeks for one month, Sanders confessed to further sex acts with H.S. However, the circuit court suppressed that part of the interview.

charges are properly brought as a criminal, juvenile delinquency, or JIPS matter. Because a pre-trial motion to dismiss count one would have been meritless, the court concluded that trial counsel did not perform deficiently for failing to bring such a motion.

¶14 Sanders appealed. The court of appeals first clarified that the issue raised was one of statutory competency, not jurisdiction. Sanders, 375 Wis. 2d 248, ¶¶12-13. The court of appeals next noted that challenges to a circuit court's statutory competency can be forfeited. Id., ¶14. Thus, the court of appeals viewed the case through the lens of ineffective assistance of counsel for failure to bring a motion to dismiss because Sanders' trial counsel never raised competency as an issue. Id. The court of appeals affirmed, concluding that the circuit court did have statutory competency to hear Sanders' case in adult criminal court for conduct committed before he was ten years old. Id., ¶29.

¶15 Sanders petitioned this court for review, which we granted on June 12, 2017.

## II. STANDARD OF REVIEW

¶16 Whether circuit courts possess statutory competency is a question of law we review de novo. City of Eau Claire v. Booth, 2016 WI 65, ¶6, 370 Wis. 2d 595, 882 N.W.2d 738.

¶17 "Whether a defendant received ineffective assistance of counsel is a mixed question of law and fact." State v. Maday, 2017 WI 28, ¶25, 374 Wis. 2d 164, 892 N.W.2d 611. We uphold the circuit court's findings of fact as to what counsel

8

did and did not do unless clearly erroneous. Id. Whether those facts constitute deficient performance and whether such performance prejudiced the defendant are questions of law we review de novo. State v. Erickson, 227 Wis. 2d 758, 768, 596 N.W.2d 749 (1999).

### III. ANALYSIS

¶18 We first address whether the issue Sanders raises is one of subject matter jurisdiction or circuit court competency. We next consider whether Sanders' trial counsel was ineffective for failing to file a pre-trial motion to dismiss count one. We hold that the circuit court possessed statutory competency to hear Sanders' case as a criminal matter. Thus, his counsel did not perform deficiently by failing to file a meritless motion seeking to dismiss count one prior to trial.

### A. Sanders Alleges His Attorney was Ineffective for Failing to Challenge the Statutory Competency of the Circuit Court to Hear His Case as a Criminal Matter.

#### 1. Sanders raises an issue of statutory competency.

¶19 At various points throughout his briefing, Sanders seems to treat the concepts of statutory competency and subject matter jurisdiction as identical. Though the concepts are often conflated, they are distinct. Kett v. Cmty. Credit Plan, Inc., 228 Wis. 2d 1, 13 n.12, 596 N.W.2d 786 (1999). This distinction is important because defects in statutory competency can be forfeited or waived, but defects in subject matter jurisdiction may always be asserted. Vill. of Trempealeau v. Mikrut, 2004 WI 79, ¶3, 273 Wis. 2d 76, 681 N.W.2d 190.

9

¶20 Subject matter jurisdiction defines a circuit court's "ability to resolve certain types of claims." Christine M. Wiseman & Michael Tobin, Wisconsin Practice Series: Criminal Practice and Procedure § 1:11, n.2 (2d ed. 2017). Statutory competency, on the other hand, defines a circuit court's "ability to undertake a consideration of the specific case or issue before it." Id.

¶21 Subject matter jurisdiction is defined by our constitution. Id. Circuit courts have subject matter jurisdiction over "all matters civil and criminal within this state . . . ." Wis. Const. art. VII, § 8. We construe this constitutional grant of power to mean "a circuit court is never without subject matter jurisdiction." Mikrut, 273 Wis. 2d 76, ¶1.

¶22 In contrast, statutory competency is established by the legislature. Id., ¶9 ("We have recognized, however, that a circuit court's ability to exercise the subject matter jurisdiction vested in it by the constitution may be affected by noncompliance with statutory requirements pertaining to the invocation of that jurisdiction in individual cases."). A circuit court loses statutory competency when the court or a party fails to abide by a statutory mandate. Id., ¶10. These statutory mandates include time limits, mandatory release plans in chapter 980 cases, conditions precedent to modifying child support orders, and charging repeat OWI offenders criminally rather than civilly. Id., ¶13 (citations omitted); Booth, 370 Wis. 2d 595, ¶22.

10

¶23 In this case, Sanders raises an issue of statutory competency because age limits on criminal, juvenile delinquency, and JIPS matters both define and restrict how a circuit court may address the specific case before it, and not whether a circuit court can hear criminal, juvenile delinquency, or JIPS matters generally. See Weisman & Tobin, supra, ¶20.

¶24 Unlike challenges to subject matter jurisdiction, challenges to statutory competency may be forfeited[13] or waived. Id., ¶3. This is so because statutory competency is "a 'narrower concept' involving a 'lesser power' than subject matter jurisdiction." Id., ¶14 (citing Vill. of Shorewood v. Steinberg, 174 Wis. 2d 191, 200, 496 N.W.2d 57 (1993)). Consequently, Sanders forfeited his competency challenge when he failed to raise it in the circuit court. See Booth, 370 Wis. 2d 595, ¶25. Accordingly, we will consider this issue through the framework of ineffective assistance of counsel. Erickson, 227 Wis. 2d at 768. See infra, ¶¶28-30.

---

[13] Though we spoke of "waiver" in Mikrut, we have since clarified that "forfeiture" is the proper term to describe a party's failure to raise an issue in the circuit court. Brunton v. Nuvell Credit Corp., 2010 WI 50, ¶35, 325 Wis. 2d 135, 785 N.W.2d 302. Consequently, when "Mikrut says 'waiver[,]' it means 'forfeiture.'" City of Eau Claire v. Booth, 2016 WI 65, ¶11 n.5, 370 Wis. 2d 595, 882 N.W.2d 738.

2. Sanders' counsel never challenged the circuit court's statutory competency to proceed on count one on the basis that Sanders was eight or nine years old at the time he committed some of the alleged conduct in that count.

¶25 Sanders' counsel had the opportunity, both before and during trial, to challenge the circuit court's competency to proceed on count one, but failed to do so. Sanders' counsel had sufficient notice that at least some of the alleged conduct underlying count one occurred while Sanders was eight or nine years old. The criminal complaint, as well as the information, provided notice of the time period during which the conduct recited in count one occurred.

¶26 During trial, testimony from Sanders and H.S. confirmed that Sanders was eight or nine years old when the conduct underlying count one started. See Thomas v. State, 92 Wis. 2d 372, 386, 284 N.W.2d 917 (1979) (quoting Hess v. State, 174 Wis. 96, 99, 181 N.W. 725 (1921)) ("[T]he prosecution . . . may prove the commission of the offense charged on some other day within a reasonable limitation [of that stated in the complaint and information]."). Sanders testified: (1) that he admitted to the investigating officer that he engaged in peeks, but for only one month approximately ten years prior to the interview (the interview occurred in March 2013); and (2) that he was "eight or nine" when the peeks took place.

¶27 Further, H.S. testified that the peeks began when she was six or seven years old. Sanders is approximately two years

12

older than H.S., which means Sanders was eight or nine when the peeks began.

### B. Counsel did not Perform Deficiently by Failing to Challenge the Circuit Court's Statutory Competency as to Count One.

¶28 A criminal defendant's constitutional right to counsel is infringed if counsel provides ineffective assistance. State v. Floyd, 2017 WI 78, ¶36, 377 Wis. 2d 394, 898 N.W.2d 560 (citing Strickland v. Washington, 466 U.S. 668, 686 (1984)). A defendant receives ineffective assistance of counsel if his counsel both (1) performs deficiently; and (2) that deficient performance prejudices the defendant. Id.

¶29 Counsel performs deficiently if his conduct "[falls] below an objective standard of reasonableness" for an attorney in the same position. Strickland, 466 U.S. at 688. Counsel does not perform deficiently by failing to bring a meritless motion. State v. Cummings, 199 Wis. 2d 721, 747 n.10, 546 N.W.2d 406 (1996). In determining whether counsel's performance was deficient for failing to bring a motion, we may assess the merits of that motion. See State v. Steinhardt, 2017 WI 62, ¶43, 375 Wis. 2d 712, 896 N.W.2d 700.

¶30 A deficiency is prejudicial if there is a "reasonable probability that, but for counsel's unprofessional errors, the result of the proceedings would have been different. A reasonable probability is a probability sufficient to undermine confidence in the [proceedings'] outcome." Strickland, 466 U.S. at 694. If the defendant fails to prove one prong of the Strickland test (deficient performance or prejudice), then we

13

need not address the other. Floyd, 377 Wis. 2d 394, ¶37 (citing Strickland, 466 U.S. at 697).

> 1. In Wisconsin, it is well-settled that statutory competency to hear a case as a criminal, juvenile delinquency, or JIPS matter is determined by the age of the accused at the time the offense is charged.

¶31 Wisconsin courts have uniformly held that statutory competency is determined by the age of the accused at the time charges are filed, not the age of the accused at the time the underlying conduct occurred. Annala, 168 Wis. 2d 453; State ex rel. Koopman v. Waukesha Cty. Court, 38 Wis. 2d 492, 157 N.W.2d 623 (1968); D.V. v. State, 100 Wis. 2d 363, 302 Wis. 2d 64 (Ct. App. 1981).

¶32 We first addressed this issue in Koopman, 38 Wis. 2d 492. The State charged Koopman in criminal court for conduct that occurred before his 18th birthday.[14] Id. at 494. Koopman filed a writ of prohibition in which he sought to transfer his case to the Waukesha County Juvenile Court.[15] He did so because he committed the act at an age when he would have been subject to a juvenile court proceeding. Id.

---

[14] At the time State ex rel. Koopman v. Waukesha Cty. Court, 38 Wis. 2d 492, 157 N.W.2d 623 (1968), was decided, 18 years of age was the dividing line for juvenile delinquency and adult criminal court competency. Wis. Stat. §§ 48.02(3), 48.12(1) (1967-68). The legislature lowered this age to 17 in 1995. 1995 Wis. Act 27, § 2423.

[15] At the time Koopman, 38 Wis. 2d 492, was decided, county courts had exclusive jurisdiction over all juvenile matters. Wis. Stat. § 253.13(1) (1967-68). County courts were abolished as part of the court reorganization of 1977. See Wis. Const. art. IV, § 2; Wis. Stat. § 753.07(1).

14

¶33 We held that Koopman was properly charged in criminal court because it was that court that had statutory competency to proceed in Koopman's case. Id. at 499. Juvenile courts had "exclusive jurisdiction . . . over any child who [was] alleged to be delinquent because: (1) he [had] violated any state law or any county, town, or municipal ordinance." Id. at 497 (quoting Wis. Stat. § 48.12(1) (1967-68)). We reasoned that "'child' is qualified by the clause 'who is alleged to be delinquent,' thus setting up two requisites before [juvenile court] jurisdiction will attach." Id. at 498. Consequently, we determined that "the statute [excluded] the class of persons over eighteen at the time of the allegations of delinquency." Id. Koopman was properly charged in criminal court because he was 18 years old when the State filed charges.

¶34 We bolstered our holding with two observations. First, we drew an analogy between competency to hear a juvenile delinquency matter and competency to waive juvenile court jurisdiction. Because a juvenile court could waive its jurisdiction over a juvenile over 16 (thus allowing the juvenile to be tried as an adult) based on the juvenile's age at the time charged, then the circuit court's competency to hear a juvenile delinquency matter in the first place similarly depended on the defendant's age at the time charged. Id. at 499 (citing Wis. Stat. § 48.18 (1967-68)). Second, we noted that other aspects of juvenile court jurisdiction, such as "persons who may be dependent or neglected," Wis. Stat. § 48.13 (1967-68), applied only when "their status was called to the attention of the

15

court" before the person's 18th birthday. Koopman, 38 Wis. 2d at 499-500. These two aspects of the juvenile code are consistent with a reading of that section such that it applies only to those who are juveniles when charged.

¶35 The court of appeals subsequently applied the reasoning of Koopman in D.V., 100 Wis. 2d 363. In that case, the State filed a juvenile delinquency petition against D.V. alleging he committed an armed robbery when he was 11 years old. Id. at 365. However, the State did not file the juvenile delinquency petition until D.V. was 12 years old. Id. This is significant because, at the time, the minimum age for juvenile delinquency proceedings (i.e., the cutoff between JIPS and juvenile delinquency matters) was 12 years old.[16] Wis. Stat. § 48.13(12) (1981-82).

¶36 D.V. argued that the circuit court lacked statutory competency[17] to hear the juvenile delinquency petition because the conduct occurred when his case would have been heard as a JIPS matter. Id. at 364. The court of appeals concluded that the circuit court possessed statutory competency and therefore

---

[16] The legislature lowered the minimum age for delinquency proceedings to ten years old in 1995 Wis. Act 77, § 629.

[17] D.V. is among many prior Wisconsin decisions that confuse jurisdiction and competency. See Booth, 370 Wis. 2d 595, ¶14 (prior "case law did not clearly distinguish between the concepts of subject matter jurisdiction and competency"). Thus, though the D.V. court used the term "jurisdiction," the decision clearly addresses the concept of "competency" and we refer to it as such.

16

could proceed with the juvenile delinquency matter. It did so based on the long-standing principle that it is the person's age at the time of charging, and not the person's age at the time he committed the conduct, that determines whether the case will be heard as a criminal, juvenile delinquency, or JIPS matter. Id. at 365 (citing Koopman, 38 Wis. 2d at 497-500).

¶37 Later, we had the opportunity to apply the reasoning of Koopman in Annala, 168 Wis. 2d 453. In that case, Annala molested an eight-year-old child when he was 15 years old. Id. at 458. The conduct was first reported to authorities when Annala was 20 years old, which is when the State filed charges in criminal court. Id. at 458-59.

¶38 Annala challenged his conviction for the same substantive reason Sanders challenges his: the circuit court lacked statutory competency to proceed because the conduct occurred when he was at an age when he would not be subject to criminal liability. Id. at 459-60. We affirmed Annala's conviction because juvenile courts are limited to applying the juvenile code to juveniles. Id. at 462-63. Simply put, "[t]he [statutory competency] of the juvenile court is determined by the individual's age at the time charged, not the individual's age at the time of the alleged offense." Id. at 463 (citing Koopman, 38 Wis. 2d at 497-500).

¶39 We bolstered our reasoning with two observations. First, to preclude adults from being charged for crimes committed when they were juveniles would serve to implicitly, but definitively, shorten legislatively-prescribed statutes of

17

limitation. Id. at 465-66. That is, if the State could not prosecute adults for conduct committed as juveniles, then the State would be subject to a time limitation (the time between commission of the act and the juvenile's 17th birthday), which the legislature did not contemplate and our court has not authorized. Id. We did not

> think that the legislature intended to allow a minor who is less than sixteen years old who commits a serious felony to cajole or manipulate the victim or conceal the crime or conceal suspected culpability for the crime until reaching eighteen years of age and thereby conclusively frustrating the State's ability to hold him or her accountable for the wrongdoing. Had the legislature intended to effectuate this drastic change in the law, it would have done so in an express and clearly understandable manner.

Id. Second, we noted that any unfairness to defendants is mitigated by protections afforded by the United States and Wisconsin Constitutions. Id. at 465.

¶40 As we recognized in State v. Becker, the State violates a defendant's right to due process when it delays charging as part of "a deliberate effort to avoid juvenile court jurisdiction." 74 Wis. 2d 675, 677, 247 N.W.2d 495 (1976). If a defendant alleges, with particularity, that the State intentionally delayed filing charges to avoid a juvenile delinquency proceeding and raises genuine issues of fact, then the defendant is entitled to a hearing at which the State must prove that any delay "was not for the purpose of manipulating the system to avoid" a juvenile delinquency proceeding. State

18

v. Velez, 224 Wis. 2d 1, 9-11, 589 N.W.2d 9 (1999) (quoting Becker, 74 Wis. 2d at 678).

¶41 Other jurisdictions that adhere to the rule that a person's age at the time of charging determines whether a juvenile or criminal matter is proper apply similar safeguards. Samuel M. Davis, Rights of Juveniles, § 2:3 n.13 (2018); see also State v. Isaac, 537 N.W.2d 786, 788 (Iowa 1995) ("The due process protection in prosecutorial delay cases is available to defendants to make sure the State will not employ tricks to gain an advantage over a defendant."); State v. Dixon, 792 P.2d 137, 138 (Wash. 1990) (applying three-part test to determine whether delay in charging that resulted in loss of juvenile court jurisdiction violated defendant's right to due process).

2. Our precedent is based upon sound legal reasoning and long-standing principles of statutory competency.

¶42 A majority of courts addressing this issue are in accord with the long-standing precedent that Wisconsin has uniformly applied in these cases. Wayne R. LaFave, Substantive Criminal Law, § 9.6 (3d ed. Oct. 2017); see also H.D. Warren & C.P. Jhong, Age of Child at Time of the Alleged Offense or Delinquency, or at Time of Legal Proceedings, as Criterion of Jurisdiction of Juvenile Court, 89 A.L.R.2d 506, § 2. LaFave draws our attention to two cases, in addition to Annala, for this proposition: United States v. Blake, 571 F.3d 331 (4th Cir. 2009), and State v. Fowler, 194 A.2d 558 (Del. Super. 1963).

19

¶43 In Blake, the defendant challenged his indictment as violating 18 U.S.C. § 5032[18] because he was 17 years old when the conduct occurred and 21 years old when he was indicted. However, the attorney general never certified his case as fitting any of the code's enumerated criteria. Blake, 571 F.3d at 343. The Blake court held that certification was unnecessary. Id. at 344. It noted that the statute applies to "a person who 'has not attained his twenty-first birthday,'" not a person who "had not" attained his 21st birthday "at the time he allegedly violated the law in question." Id. The Blake court reasoned that the statute's plain meaning requires certification only when the defendant is indicted while still a juvenile. Id. (citing United States v. Wright, 540 F.3d 833, 898-39 (8th Cir. 2008)).

¶44 In Fowler, the defendant challenged his criminal conviction because he was 17 years old at the time the conduct underlying the charges took place but 27 years old when charged. 194 A.2d 558. The relevant statute established that "[t]he

---

[18] Federal law prohibits prosecution of juveniles for crimes carrying a maximum penalty of six months or fewer unless the United States Attorney General certifies that (1) no state juvenile court has jurisdiction, or the appropriate state juvenile court refuses jurisdiction; (2) the state does not have available programs and services adequate for the needs of juveniles; or (3) the offense charged is a felony with a substantial federal interest. 18 U.S.C. § 5032 (2000).

For purposes of section 5032, a "juvenile" is "a person who has not attained his twenty-first birthday". 18 U.S.C. § 5031 (2000).

family court shall have exclusive jurisdiction in all proceedings . . . (2) concerning any child . . . charged with having violated any law of this State or any charter, ordinance or regulation of a sub-division thereof." Id. at 562 (quoting Del. Code Ann. tit. 10, § 951(2) (1963)). The statutes defined "child" as "a person who has not yet attained his eighteenth birthday." Id. at 561 (quoting Del. Code Ann. tit. 10, § 901 (1963)).

¶45 The court reasoned juvenile court jurisdiction applies only to "[a] child charged." Id. at 562. Because Fowler was not a child when charged, the court determined that it was not improper for the State to bring criminal charges against him. Id.

### 3. Application to Sanders

¶46 Sanders does not argue that the reasoning of Koopman, D.V., and Annala is flawed or that they should be overruled. Rather, he argues that the reasoning of those three cases does not apply to him because the charges in those cases "jumped" only one level (i.e., JIPS to juvenile in D.V. and juvenile to criminal court in Koopman and Annala), whereas his charges "jumped" two levels (i.e., JIPS to criminal court). Sanders views juvenile delinquency and criminal matters to be highly analogous because both punish criminal conduct and attempt to rehabilitate offenders through various sanctions, including confinement. He contrasts this with JIPS matters, which concentrate on rehabilitation, rather than punishment, and do not allow for confinement. Based on these distinctions, he

21

argues that the legislature intended ten years to be the minimum age for criminal conduct such that a person can never be criminally charged for conduct committed before his tenth birthday.

¶47 Sanders bases his conclusion on a distinction that lacks a legal difference. The reasoning that applied to the charges that "jumped" one level in Koopman, D.V., and Annala applies just as strongly to Sanders for two reasons: (1) we are not persuaded that the legislature intended to leave the State with no recourse when criminal conduct committed before a person's tenth birthday does not come to light until on or after the person has reached his 17th birthday; and (2) the legislature's inaction on statutory competency since Koopman, D.V., and Annala evinces legislative acquiescence to our interpretation of the competency statutes.

¶48 First, we are not persuaded that the legislature intended to leave the State with no recourse when criminal conduct committed before a person's tenth birthday does not come to light until on or after the person has reached his 17th birthday. We are not persuaded now, just as we were not persuaded in Annala, "that the legislature intended to allow a minor . . . to cajole or manipulate the victim[,] conceal the crime[,] or conceal suspected culpability for the crime until reaching [17] years of age and thereby conclusively frustrat[e] the State's ability to hold him or her accountable for the wrongdoing." Annala, 168 Wis. 2d at 465-66. Though Annala addressed juveniles over ten years old who are charged as

22

adults, the reasoning applies in the present case because, like the defendants in Annala and Koopman, Sanders could not be the subject of a juvenile delinquency or JIPS matter.

¶49 Sanders could not be the subject of a juvenile delinquency proceeding because he is no longer a juvenile. The structure of the relevant statute for juvenile court competency has remained unchanged since Koopman: "The [juvenile] court has exclusive [competency] . . . over any juvenile 10 years of age or older who is alleged to be delinquent." Wis. Stat. § 938.12(1). As we reasoned in Koopman, 38 Wis. 2d at 498, Sanders is too old for juvenile delinquency proceedings because the statute, by its plain language, applies only to a "juvenile . . . who is alleged to be delinquent." Because a juvenile is a person younger than 17 years of age and Sanders was 19 years old when charged, he could not be the subject of a juvenile delinquency proceeding.

¶50 Similarly, Sanders could not be subject to a JIPS proceeding because he is no longer a juvenile under ten years of age. Circuit courts possess statutory competency in JIPS cases when a "juvenile is under 10 years of age and has committed a delinquent act." Wis. Stat. § 938.13(12). Like the juvenile delinquency competency statute (Wis. Stat. § 938.12(1)), the JIPS competency statute (§ 938.13(12)) sets out two prerequisites: (1) the "juvenile is under 10 years of age"; and (2) the juvenile "has committed a delinquent act." Id. Because Sanders was no longer "under ten years of age" when he was charged, he could not be the subject of a JIPS proceeding. Id.

23

¶51 As the foregoing analysis demonstrates, if Sanders could not have been criminally charged for the conduct at issue in this case when 19, then he could not have been charged at all. If the legislature had wanted this "drastic" result, "it would have done so in an express and clearly understandable manner." Annala, 168 Wis. 2d at 466.

¶52 Second, our plain reading of Wis. Stat. §§ 938.12 and 938.13 is bolstered by the legislature's inaction on this issue since Koopman, D.V., and Annala were decided. If, as Sanders argues, the legislature intended the minimum age for criminal responsibility to be ten years old, it could have enacted a statute establishing as much after Koopman, D.V., or Annala. State v. Eichman, 155 Wis. 2d 552, 566, 456 N.W.2d 143 (1990) ("Legislative inaction following judicial construction of a statute, while not conclusive, evinces legislative approval of the interpretation."). Legislative inaction is more indicative of acquiescence to prior judicial interpretation when other provisions within the same section are amended without affecting the provision at issue. See Tucker v. Marcus, 142 Wis. 2d 425, 434, 418 N.W.2d 818 (1988). This rule is applicable to Sanders' case because the legislature has not substantively changed the statutory competency provisions despite making numerous amendments to related provisions——most notably separating the juvenile justice code from the children's code. 1995 Wis. Act 77, § 629; see also, e.g., 2005 Wis. Act 344, § 134 (making stylistic amendment to § 938.12); 2005 Wis. Act 344, § 136 (making stylistic amendment to § 938.13).

24

¶53 Even though the legislature has not established a minimum age for criminal responsibility, other safeguards are built in:

- Statutes of Limitations: In situations where the general six-year statute of limitations for felonies applies (which is the vast majority of felonies), an adult cannot be criminally charged for conduct committed before the person's tenth birthday. See Wis. Stat. § 939.74(1). Mathematically, at least six years must elapse between conduct committed before the person's tenth birthday and the person's seventeenth birthday.

- Mens Rea Elements: Intent elements serve to protect juveniles who, in the judgment of the jury, could not form criminal intent. See State v. Stephen T., 2002 WI App 3, ¶13, 250 Wis. 2d 26, 643 N.W.2d 151 ("[T]he State must prove as an element of the crime that the perpetrator had the specific intent to touch the victim for the purpose of sexual arousal or gratification."). In fact, this protection may have benefitted Sanders in this case. Though we cannot know with certainty why the jury acquitted Sanders of count one, we observe that the jury sent a note to the circuit court during deliberations questioning whether a juvenile under 12 years old could form the requisite intent to perform an act for his own sexual arousal or gratification.

25

- Inappropriate Filing Delays:  Both the United States and Wisconsin Constitutions protect defendants from intentional delay by the State when that delay is calculated to avoid a JIPS or juvenile proceeding. Becker, 74 Wis. 2d at 677 (citing Miller v. Quatsoe, 348 F. Supp. 764 (E.D. Wis. 1972) ("[W]hen the filing of the complaint determines juvenile court jurisdiction, then this filing cannot be delayed in order to avoid juvenile court jurisdiction unless the juvenile is granted a hearing with the necessary constitutional safeguards.")).

¶54 Time has not changed the logic underpinning our prior opinions on this issue and so we take this opportunity to reemphasize our holdings therein:  the age of the accused person at the time of charging, not the time he committed the act underlying the charge, determines whether the case is properly heard as a criminal, juvenile delinquency, or JIPS matter. Consequently, any motion to dismiss count one prior to trial would have been meritless because the circuit court possessed statutory competency to hear the case as a criminal matter. Sanders' trial counsel did not perform deficiently because failure to bring a meritless motion does not constitute deficient performance.  Cummings, 199 Wis. 2d at 747 n.10. Because we hold that Sanders' counsel did not perform deficiently, we need not consider the prejudice prong of the Strickland test.  Floyd, 377 Wis. 2d 394, ¶37.

26

IV. CONCLUSION

¶55 We hold that circuit courts possess statutory competency to proceed in criminal matters when the adult defendant was charged for conduct he committed before his tenth birthday. The defendant's age at the time he was charged, not his age at the time he committed the underlying conduct, determines whether the circuit court has statutory competency to hear his case as a criminal, juvenile delinquency, or JIPS matter. Consequently, the circuit court possessed statutory competency to hear Sanders' case as a criminal matter because he was an adult at the time he was charged. Therefore, his counsel did not perform deficiently by failing to raise a meritless motion. Accordingly, we affirm the court of appeals.

*By the Court.*—The decision of the court of appeals is affirmed.

¶56 ANN WALSH BRADLEY, J. *(concurring).* I agree with the court of appeals that "[w]ithout question, the law did not clearly provide that Sanders could not be prosecuted for criminal sexual acts he was alleged to have committed prior to age ten." State v. Sanders, 2017 WI App 22, ¶29, 375 Wis. 2d 248, 895 N.W.2d 41. Neither the legislature nor the courts have addressed this specific issue.

¶57 As we have previously stated, "failure to raise arguments that require the resolution of unsettled legal questions generally does not render a lawyer's services outside the wide range of professionally competent assistance sufficient to satisfy the Sixth Amendment." State v. Lemberger, 2017 WI 39, ¶33, 374 Wis. 2d 617, 893 N.W.2d 232 (internal quotations omitted). Accordingly, I concur in the mandate because the issue of whether an adult defendant may be charged in adult court for offenses committed as an eight or nine-year-old was not sufficiently settled in Wisconsin law.

¶58 I write separately, however, to address the majority's resolution of this unsettled question. Sanders argues that the legislature intended ten years to be the minimum age for criminal conduct such that a person cannot be subsequently criminally charged as an adult for conduct committed before his tenth birthday. The jury's response was consistent with Sanders' argument when it determined that Sanders was not guilty of allegedly criminal acts engaged in while age eight or nine.

1

¶59 The majority, nonetheless, interprets the statutory scheme differently. It concludes that the legislature intends that criminal liability attaches to conduct engaged in by children under the age of 10, regardless of whether it is age 4 or 5, 8 or 9, or any other single digit number. Yet, the majority is unable to point to the specific language in the statutory scheme that sets forth such a legislative intent.

¶60 From its faulty analysis, the majority divines a legislative intent from no language at all. In the area where the legislature has spoken about a child's capacity——negligence——it has indicated that a child under seven is "conclusively presumed" to be incapable of negligence.[1] How can the majority square its asserted legislative intent here where the legislature has not spoken with the explicit legislative intent expressed in Wis. Stat. § 891.44? It cannot.

¶61 I determine that it is absurd to conclude the legislature intended that criminal liability can attach for acts engaged in by children ages zero-ten. The majority's conclusion to the contrary defies the purpose and structure of our statutes, as well as the rationale of prior case law.

I

¶62 Sanders, now an adult, was charged with repeated sexual assault of the same child for acts committed against his sister when he was eight or nine years old, as well as three

---

[1] See Wis. Stat. § 891.44.

2

other offenses. The district attorney brought the charges in adult criminal court.

¶63 The majority determines that the adult criminal court had competency to proceed, despite the fact that Sanders was only eight or nine years old at the time of the alleged conduct. Majority op., ¶18. In the majority's view, "[t]he defendant's age at the time he was charged, not his age at the time he committed the underlying conduct, determines whether the circuit court has statutory competency to hear his case as a criminal, juvenile delinquency, or JIPS matter." Id., ¶55. Further, the majority concludes that this was a point of settled law. Id., ¶31 (citing State v. Annala, 168 Wis. 2d 453, 484 N.W.2d 138 (1992); State ex rel. Koopman v. Cty. Court, 38 Wis. 2d 492, 157 N.W.2d 623 (1968); D.V. v. State, 100 Wis. 2d 363, 302 N.W.2d 64 (Ct. App. 1981)).

¶64 The majority opinion tells us that we are not to worry about limitless criminal liability for acts committed while children because there are "safeguards" built into the system. See majority op., ¶53. Specifically, in the majority's view, statutes of limitations, mens rea elements, and the rules regarding inappropriate filing delays serve as a buffer to inappropriate charges being filed against an adult for conduct committed as a child. Id.

¶65 Using an illogical progression, the majority reaches its conclusion. Essentially, if A (JIPS) to B (juvenile court)

3

is permissible[2], and B to C (adult court) is permissible[3], then why should A to C not be permissible? But the majority's logic does not hold.

II

¶66 The majority would have us believe that the legislature intended to provide for adult criminal liability for an act committed between the ages of zero and ten. See majority op., ¶8 n.7 ("Whether the illegal conduct began when Sanders was eight or nine is irrelevant because, in either event, he was less than ten years old and thus would have been subject to a JIPS proceeding at that time."). The purpose and structure of our statutes, as well as the rationale of prior case law, say otherwise.

¶67 The majority's logic in allowing the jump from JIPS court to adult court does not hold because it is out of step with the purpose of the laws governing children's liability, the structure of the JIPS law, and the rationale employed in D.V. Accordingly, I address each in turn and determine that the majority's result is not what the legislature intended.

¶68 First, the majority's logic does not hold because it is out of step with the purpose of the laws governing children's liability. "The law has historically reflected . . . that

---

[2] See D.V. v. State, 100 Wis. 2d 363, 302 N.W.2d 64 (Ct. App. 1981).

[3] See State v. Annala, 168 Wis. 2d 453, 484 N.W.2d 138 (1992); State ex rel. Koopman v. Cty. Court, 38 Wis. 2d 492, 157 N.W.2d 623 (1968).

4

children characteristically lack the capacity to exercise mature judgment and possess only an incomplete ability to understand the world around them." J.D.B. v. North Carolina, 564 U.S. 261, 273 (2011).

¶69 Trends in jurisprudence are increasingly recognizing that children must be treated differently. "Juveniles are more capable of change than are adults, and their actions are less likely to be evidence of 'irretrievably depraved character' than are actions of adults." Graham v. Florida, 560 U.S. 48, 68 (2010). Parts of the brain involved in behavior control continue to mature throughout adolescence. Id. The differences between the child and adult minds make children less morally culpable. Miller v. Alabama, 567 U.S. 460, 472 (2012).

¶70 Our statutory schemes governing civil and criminal liability for children reflect these concerns. As an initial point of comparison, the legislature has definitively spoken that there is an age at which a child does not have the capacity to act negligently, and that age is seven. See Wis. Stat. § 891.44.[4] Yet in the majority's view, a person can be held criminally liable even after reaching adulthood for an act committed at that same age. It is absurd that a child can be ascribed criminal intent at an age where that same child is "conclusively presumed" to be incapable of negligence.

---

[4] Wis. Stat. § 891.44 provides: "It shall be conclusively presumed that an infant minor who has not reached the age of 7 shall be incapable of being guilty of contributory negligence or of any negligence whatsoever."

5

¶71 As to criminal liability, the statutes evince a similar underlying policy. From their inception, our laws addressing juvenile conduct were "not designed as a method of punishment for crimes committed by juveniles." In re Alley, 174 Wis. 85, 91, 182 N.W.2d 360 (1921). Rather, "[e]very section and paragraph of the statute is permeated with the benevolent purpose of improving the child's condition, and not with punishing his past conduct. The whole object and purpose of this law will be defeated if it is construed and applied as a punitive statute." Id. at 91-92.

¶72 Second, the majority's logic does not hold because there is no statutory procedure for bringing what would be a JIPS case to juvenile court, much less to adult court. This stands in stark contrast to the clearly delineated statutory process for moving cases between juvenile court and adult court. See Wis. Stat. §§ 970.032, 938.18. Pursuant to § 938.18, either the district attorney or a juvenile may petition to waive juvenile court jurisdiction and have a criminal matter against a juvenile 14 or older who committed certain crimes be heard in adult court. § 938.18(1) and (2).[5] Likewise, pursuant to

---

[5] Wis. Stat. § 938.18 provides, in relevant part:

(1) Waiver of juvenile court jurisdiction; conditions for. Subject to s. 938.183, a petition requesting the court to waive its jurisdiction under this chapter may be filed if the juvenile meets any of the following conditions:

(a) The juvenile is alleged to have violated s. 940.03, 940.06, 940.225(1) or (2), 940.305, 940.3 1, 943.10(2), 943.32(2), 943.87 or 961. 41(1) on or after the juvenile's 14th birthday.

(continued)

§ 970.032, an adult court can send a case to juvenile court if certain criteria are fulfilled.[6] No analogous process exists for moving a case from JIPS court to either juvenile court or adult court.

---

(b) The juvenile is alleged to have committed a violation on or after the juvenile's 14th birthday at the request of or for the benefit of a criminal gang, as defined in s. 939.22(9), that would constitute a felony under chs. 939 to 948 or 961 if committed by an adult.

(c) The juvenile is alleged to have violated any state criminal law on or after the juvenile's 15th birthday.

[6] Wis. Stat. § 970.032 provides:

(2) If the court finds probable cause to believe that the juvenile has committed the violation of which he or she is accused under the circumstances specified in s. 938.183 (1)(a), (am), (ar), (b) or (c), the court shall determine whether to retain jurisdiction or to transfer jurisdiction to the court assigned to exercise jurisdiction under chs. 48 and 938. The court shall retain jurisdiction unless the juvenile proves by a preponderance of the evidence all of the following:

(a) That, if convicted, the juvenile could not receive adequate treatment in the criminal justice system.

(b) That transferring jurisdiction to the court assigned to exercise jurisdiction under chs. 48 and 938 would not depreciate the seriousness of the offense.

(c) That retaining jurisdiction is not necessary to deter the juvenile or other juveniles from committing the violation of which the juvenile is accused under the circumstances specified in s. 938.183 (1)(a), (am), (ar), (b) or (c), whichever is applicable.

¶73 Finally, the majority's logic does not hold because it is inconsistent with the reasoning of D.V., despite its heavy reliance on the case. In D.V., 100 Wis. 2d 363, the court of appeals approved the charging in juvenile court of an offense committed at the age of 11[7] based on the juvenile's age at the time of charging rather than the time of commission. The court's analysis was driven, however, by the similarities in the possible dispositions offered by the two statutory schemes at issue. See D.V., 100 Wis. 2d at 368-70.

¶74 The D.V. court specified that its conclusion was supported by the contention that "the differences between adult criminal prosecutions and juvenile delinquency proceedings are much more substantial than differences between a juvenile delinquency proceeding and a juvenile proceeding affecting a child alleged to be in need of protection or services which can be ordered by the juvenile court." Id. at 368. Following the D.V. court's lead, a comparison between the available dispositions had this case been charged as a JIPS matter and the range of punishment for adult criminal charges is instructive.

¶75 As relevant here, Sanders was charged in count one with repeated sexual assault of a child as a class B felony. Conviction of a class B felony subjects an adult to up to 60

---

[7] At the time D.V. was decided, a child "[w]ho, being under 12 years of age, has committed a delinquent act" was considered to be a child alleged to be in need of protection or services, or CHIPS. Wis. Stat. § 48.13(12) (1981-82). The current JIPS statute places the dividing line at ten years of age rather than twelve. § 938.13(12).

8

years of imprisonment, with up to 40 years of that time being initial confinement. Wis. Stat. § 939.50(2)(b); § 973.01(2)(b)1. Further, an adult convicted of this offense is subject to mandatory sex offender registration. See § 301.45.

¶76 In contrast, if the same conduct was addressed in JIPS court, there would be no "sentence," but only a "disposition." See Wis. Stat. §§ 938.34, 345. These dispositions are oriented toward treatment rather than punishment. See In Interest of Reginald D., 193 Wis. 2d 299, 311-12, 533 N.W.2d 181 (1995).

¶77 In fact, a juvenile adjudged in need of protection or services may not be placed in "the serious juvenile offender program juvenile correctional facility or a secured residential care center for children and youth" or in a "juvenile detention facility or juvenile portion of a county jail or in nonsecure custody under s. 938.34(3)(f)." Wis. Stat. § 938.345(1). Further, sex offender registration of a juvenile is discretionary with the circuit court, rather than mandatory. See § 938.345(3). The dispositions available pursuant to a JIPS order are a far cry from 40 years in prison followed by 20 years of extended supervision and mandatory sex offender registration.

¶78 A delay in charging thus has the possibility to vastly increase the punishment for the same conduct. Why should one be subject to a 60 year sentence rather than a treatment-oriented disposition because more time has passed since the crime?

¶79 And what of the majority's "safeguards?" See majority op., ¶53. Do statutes of limitations, mens rea elements, and the rules regarding inappropriate filing delays prevent the

9

filing of inappropriate charges against an adult for conduct committed as a child? Id. These "safeguards" are little comfort to Sanders. They did nothing to protect him from being charged and tried, even if he was ultimately acquitted of the charge related to his conduct as an eight or nine-year-old child.

¶80 I question whether an eight or nine-year-old child has the capacity to commit an offense of sexual assault. Specifically, I question that an eight or nine-year-old can form the necessary intent for conviction of the sexual assault offense charged in this case: "for the purpose of sexually degrading or sexually humiliating the complainant or sexually arousing or gratifying the defendant." See Wis. Stat. § 948.01(5) (2003-04). But I have no doubt whatsoever that the majority gets it wrong when it concludes that the conduct of children aged zero-ten may later be subject to criminal prosecution.

¶81 Finally, the majority rests its conclusion in part on legislative acquiescence. See majority op., ¶52. We have stated in the past that legislative acquiescence is a "weak reed upon which to lean." State v. Hansen, 2001 WI 53, ¶38, 243 Wis. 2d 328, 627 N.W.2d 195; Green Bay Packaging, Inc. v. DILHR, 72 Wis. 2d 26, 36, 240 N.W.2d 422 (1976). It is even weaker when the case law to which the legislature has supposedly acquiesced does not stand for the proposition the majority ascribes to it.

¶82 I urge the legislature to provide increased clarity by reexamining this area of the law. The purpose and statutory scheme indicate that the legislature did not intend the majority's result. The legislature should act to show its true intention, lest its silence be deemed acquiescence with the majority's untenable assertion of legislative intent.

¶83 For the foregoing reasons, I respectfully concur.

¶84 I am authorized to state that Justice SHIRLEY S. ABRAHAMSON joins this concurrence.