BLANCHARD, J.[1]
¶ 1 In this direct appeal of an order for involuntary medication and treatment, B.L. argues that the doctor specializing in psychiatric medicine who initiated B.L.'s emergency detention could not properly also serve as one of the two health professionals specified in WIS. STAT. § 51.20(9)(a)1. to examine B.L. B.L. does not contest that he makes this argument for the first time on appeal. I reject his argument for that reason.
¶ 2 In his principal brief, B.L. fails to explicitly acknowledge that he failed to raise this issue in the circuit court. I do not mean to suggest that B.L. makes any false or misleading statement on this topic. Still, B.L. does not take advantage of his opportunity to explain why, based on the circumstances or legal authority, I should reach the merits despite his failure to preserve this issue in the circuit court.
¶ 3 The County's first argument is predictable. The appeal should be dismissed because B.L. forfeited it by failing to preserve it in the circuit court, citing the long-established law on this point, as expressed in Kulekowskis v. Bankers Life & Cas. Co. , 209 Wis. 2d 324, 335, 563 N.W.2d 533 (Ct. App. 1997).
¶ 4 In his rely brief on this issue, B.L. states only the following, without citing legal authority: "Had the court only appointed one or zero examiners prior to the final hearing, that would clearly be a jurisdictional defect. In appointing the detaining/treating doctor as an independent examiner, the court effectively only appointed one examiner and the defect is similarly jurisdictional."
¶ 5 This is not a developed argument that comes to grips with the general rule that we do not address an argument on appeal, even those of constitutional dimension, unless it was raised and argued before the circuit court. See City of Mequon v. Hess , 158 Wis. 2d 500, 506, 463 N.W.2d 687 (Ct. App. 1990). I would have to guess at what B.L. means by "jurisdictional defect." B.L. may be referring to court competency or to a lack of subject matter jurisdiction. But it is difficult to see room for an argument under either doctrine. See State v. Sanders , 2018 WI 51, ¶ 24, 381 Wis. 2d 522, 912 N.W.2d 16 (challenges to statutory competency may be forfeited or waived); id. , ¶ 21 (circuit courts have subject matter jurisdiction over " 'all matters civil and criminal within this state" (quoting WIS. CONST. art. VII, § 8 ), which means that " 'a circuit court is never without subject matter jurisdiction.' " (quoted source omitted) ).
¶ 6 B.L. does not argue that this appeal presents special features calling for review on the merits despite the forfeiture. I see obvious reasons not to do so, including the absence of fully developed legal arguments on both sides.
By the Court .-Order affirmed.
This opinion will not be published. See WIS. STAT. RULE 809.23(1)(b)4.

This appeal is decided by one judge pursuant to Wis. Stat. § 752.31(2)(d) (2015-16). All references to the Wisconsin Statutes are to the 2015-16 version unless otherwise noted.