COURT OF APPEALS
DECISION
DATED AND FILED

February 23, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP168-CR**

STATE OF WISCONSIN

Cir. Ct. No. **2015CF846**

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

PAUL M. BARDWELL,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Brown County: MARC A. HAMMER, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Paul Bardwell appeals from a judgment convicting him of second-degree sexual assault of a child and from an order denying his

postconviction motion. Bardwell claims he is entitled to a new trial based upon ineffective assistance of counsel because his trial counsel: (1) failed to timely object to expert witness testimony regarding delayed reporting by children in sexual assault cases; and (2) failed to request a jury instruction on Bardwell's alibi defense. We conclude the State's expert witness was qualified to offer an expert opinion on the issue of the child's delayed reporting, and, therefore, counsel did not perform deficiently by failing to challenge that testimony. We also conclude that Bardwell has not demonstrated prejudice arising from counsel's failure to request an alibi defense jury instruction. We therefore affirm.

## BACKGROUND

¶2 The sexual assault in this case was alleged to have occurred during a sleepover hosted by Bardwell's stepdaughter in the Bardwell home. The victim, a twelve-year-old girl who attended the sleepover, did not report the assault until two years later. Further details of the assault are not relevant to the issues on appeal.

¶3 Prior to trial, the State provided notice that it planned to call psychotherapist Susan Lockwood-Knaus—the director of the Sexual Assault Center for Brown, Door, Oconto and Marinette counties and Willow Tree Cornerstone Child Advocacy Center in Green Bay—as an expert witness "to provide testimony regarding delayed reporting". At a pre-trial status conference, Bardwell's trial counsel advised the court that Bardwell did not intend to file a *Daubert* motion. *See **Daubert v. Merrell Dow Pharms., Inc.***, 509 U.S. 579 (1993). On the morning of trial, however, Bardwell filed a motion in limine seeking to exclude Lockwood-Knaus's testimony under *Daubert*. The court denied the motion as being untimely.

¶4 At trial, Lockwood-Knaus testified, to a reasonable degree of professional certainty, that it is common for children who are sexually abused to delay reporting the assault. Lockwood-Knaus further explained that the most common reasons for delayed reporting are fear of not being believed, fear of losing relationships, embarrassment, shame, and an inability to talk about the abuse. Lockwood-Knaus based her opinions on her own clinical experience as a psychotherapist who had worked with child sexual assault victims since 1987, her training, conversations with her staff and other therapists, and her review of professional literature and research.

¶5 Also prior to trial, Bardwell filed a notice of alibi claiming that he had been at the Mader News Agency at the time the assault was alleged to have occurred. Bardwell's alibi became a key contested issue at trial. Bardwell's wife Alicia testified that she worked nights at the Mader News Agency and that Bardwell was there with her on the night of the sleepover. Alicia said that Bardwell would come to work with her on the night shift almost every Saturday during the time frame around the assault to help her stuff advertising packets into newspapers because she had an injured neck. Bardwell would punch in by signing the back of Alicia's timecard. Alicia claimed the newspaper's owner allowed her to have someone help her because she was a subcontractor.

¶6 Valerie Calhoun, a co-worker of Alicia's, testified that she drove Alicia and Bardwell to work the night of the sleepover, and that Bardwell's name would be written on the back of either her own timecard or Alicia's to record that he had worked that night. However, another employee of the newspaper, Melissa Gillis, testified that Bardwell's name did not appear on either Alicia's or Calhoun's timecards. Gillis further testified that, to her knowledge, only employees would be allowed to stuff newspapers.

¶7    At the close of the trial, the circuit court gave the jury the standard general instruction on the burden of proof. *See* WIS JI—CRIMINAL 140 (2019). Bardwell's trial counsel did not request, and the court did not give, an additional special instruction on Bardwell's alibi defense. *See* WIS JI—CRIMINAL 775 (2005). The jury subsequently convicted Bardwell of second-degree sexual assault of a child.

¶8    Following his conviction, Bardwell moved for a new trial on the grounds of ineffective assistance of trial counsel. He claimed that his trial counsel should have timely moved to exclude Lockwood-Knaus's testimony under *Daubert* and should also have requested the special jury instruction for his alibi defense. The circuit court denied the motion, and Bardwell now appeals.

**DISCUSSION**

¶9    A claim of ineffective assistance of counsel requires the defendant to show two things: (1) deficient performance by counsel; and (2) prejudice resulting from that deficient performance. *State v. Swinson*, 2003 WI App 45, ¶58, 261 Wis. 2d 633, 660 N.W.2d 12. We will not set aside the circuit court's factual findings about what actions counsel took or the reasons for them unless they are clearly erroneous. *State v. Pitsch*, 124 Wis. 2d 628, 634, 369 N.W.2d 711 (1985). However, whether counsel's conduct violated the constitutional standard for effective assistance of counsel is ultimately a legal determination that this court decides de novo. *Id.* We need not address both components of the test if the defendant fails to make a sufficient showing on one of them. *Swinson*, 261 Wis. 2d 633, ¶58.

¶10    In order to demonstrate deficient performance, a defendant must overcome a presumption that counsel's actions fell within a wide range of

4

acceptable professional conduct. *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Counsel does not perform deficiently by failing to bring a meritless motion. *State v. Sanders*, 2018 WI 51, ¶29, 381 Wis. 2d 522, 912 N.W.2d 16.

¶11 A defendant proves prejudice by demonstrating there is a reasonable probability that, but for counsel's unprofessional conduct, the result of the proceeding would have been different. *Strickland*, 466 U.S. at 694. The "reasonable probability" standard does not require a showing that it is "more likely than not" that a jury would have acquitted the defendant. *State v. Sholar*, 2018 WI 53, ¶¶44-45, 381 Wis. 2d 560, 912 N.W.2d 89 (citing *Strickland*, 466 U.S. at 693). Still, the "reasonable probability" standard is tied to the reviewing court's confidence in the outcome, and the "likelihood of a different result must be substantial, not just conceivable." *Id.*, ¶45; *Harrington v. Richter*, 562 U.S. 86, 112 (2011) (citation omitted).

## 1. Expert Testimony

¶12 Bardwell claims his trial counsel should have brought a timely motion to exclude the State's expert witness's testimony. The admissibility of expert testimony is governed by WIS. STAT. § 907.02 (2017-18),[1] which incorporates the federal standard under *Daubert*. *State v. Jones*, 2018 WI 44, ¶7, 381 Wis. 2d 284, 911 N.W.2d 97. Before admitting expert testimony, a circuit court must determine: (1) whether the scientific, technical or other specialized knowledge will assist the trier of fact to understand the evidence or determine a fact in issue; (2) whether the witness is qualified as an expert by knowledge, skill,

---

[1] All references to the Wisconsin Statutes are to the 2017-18 version unless otherwise noted.

experience, training or education; (3) whether the testimony is based upon sufficient facts or data; (4) whether the testimony is the product of reliable principles and methods; and (5) whether the witness has applied the principles and methods reliably to the facts of the case. *Id.*, ¶29. A court may consider a variety of factors in addressing the reliability of the expert's methods for reaching a conclusion, including whether the evidence can (and has been) tested, whether the theory or technique has been subjected to peer review and publication, the known or potential error rate, the existence and maintenance of standards controlling the technique's operation, and the degree of acceptance within the relevant scientific or other expert community. *Id.*, ¶8.

¶13 Bardwell contends that Lockwood-Knaus's testimony regarding delayed reporting in child sexual assault cases failed to satisfy the ***Daubert*** test for reliability because it was not based upon "hard science" subject to objective testing with verifiable error rates. The ***Daubert*** factors, however, are not the exclusive means for determining the reliability of expert testimony under WIS. STAT. § 907.02. ***Seifert v. Balink***, 2017 WI 2, ¶¶64-65, 372 Wis. 2d 525, 888 N.W.2d 816. The reliability test is flexible, and other factors may be more relevant when an expert is offering an opinion based upon personal experience in a practice-based field. *Id.*, ¶¶66-72, 78.

¶14 For instance, in ***State v. Smith***, 2016 WI App 8, ¶¶9-10, 366 Wis. 2d 613, 874 N.W.2d 610 (2015), this court held that expert testimony by a social worker about behaviors exhibited by child sexual assault victims had been properly admitted. Similar to the expert witness in this case, the social worker in ***Smith*** served as the director of the Walworth County Child Advocacy Center and had spent more than two decades working with child victims and training others to do so. *Id.* We concluded the circuit court had properly determined that the social

6

worker's experience-based expert opinion satisfied the reliability test because it was generally accepted within her discipline and was not the product of ungrounded speculation. *Id.*, ¶9.

¶15 *Smith* controls the outcome here. Our determination that Lockwood-Knaus's experience-based expert testimony was admissible under *Smith* compels the conclusion that Bardwell's trial counsel did not perform deficiently in failing to bring a timely motion to challenge that testimony.

## 2. Jury Instruction

¶16 Bardwell claims his trial counsel should have requested a jury instruction regarding Bardwell's alibi defense. Bardwell asserts that a defendant is entitled to a jury instruction on a theory of defense when: (1) the defense relates to a legal theory as opposed to a mere interpretation of evidence; (2) the request is timely made; (3) the defense is not adequately covered by other instructions; and (4) the defense is supported by sufficient evidence. *See State v. Coleman*, 206 Wis. 2d 199, 212-13, 556 N.W.2d 701 (1996). We conclude the third element of this test was not satisfied here.

¶17 The jury instruction regarding alibi defense provides:

> There is evidence in this case that at the time of the commission of the offense charged, the defendant was at a place other than that where the crime occurred.
>
> It is not necessary for the defendant to establish that he was not present at the scene of the crime or that he was at some other place. The burden is upon the State to convince you beyond a reasonable doubt that the defendant committed the offense as charged.

7

WIS JI—CRIMINAL 775 (2005). Bardwell cites a Maryland case for the proposition that the failure to provide such an alibi instruction violates a defendant's constitutional rights because, without it, a jury could erroneously assume that the defendant who has introduced an alibi bears some burden of proving it. *See State v. Mann*, 207 A.3d 653, 661 (Md. App. 2019), *rev'd and remanded*, 221 A.3d 965 (Md. 2019).

¶18 The Maryland case Bardwell cites is neither binding nor persuasive. The circuit court in this case advised the jury that the law presumes every person charged with the commission of an offense to be innocent; that the presumption of innocence requires a finding of not guilty unless overcome by evidence establishing the defendant's guilt beyond a reasonable doubt; and that "[t]he burden of establishing every fact necessary to constitute guilt is upon the State." WIS JI—CRIMINAL 140 (2019). The alibi instruction may have added additional emphasis on the State's burden of proof, but it provided no new legal concepts for the jury to consider. *See* WIS JI—CRIMINAL 775 (2005), cmt. note i (observing that the alibi instruction is generally unnecessary because if the State proves the defendant committed every element of the crime, it is obvious it has proved he or she was not somewhere else).

¶19 In sum, Bardwell's alibi theory of defense was adequately covered by other jury instructions. Therefore, Bardwell was not prejudiced by his trial counsel's failure to request an alibi instruction.

> *By the Court.*—Judgment and order affirmed.

> This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.