COURT OF APPEALS
DECISION
DATED AND FILED

June 2, 2020

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP169-CR**

STATE OF WISCONSIN

Cir. Ct. No. **2016CF1658**

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

  PLAINTIFF-RESPONDENT,

 V.

TERESA ANN PATRIQUIN,

  DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Brown County: MARC A. HAMMER, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Teresa Patriquin appeals from an amended judgment convicting her, based upon a no-contest plea, of possession of

amphetamine with intent to deliver (>50g), as a party to the crime, and from an order denying her postconviction motion for resentencing. Patriquin contends she was denied due process because she was not fully informed about the contents of the presentence investigation report (PSI) prior to her sentencing. She also argues her trial counsel provided ineffective assistance in several related respects. We affirm.

## BACKGROUND

¶2      Patriquin entered a no-contest plea to the amphetamine charge in this case in exchange for the dismissal of four other drug-related charges, which were read in at sentencing. The circuit court ordered a PSI. The PSI noted that the charges arose from an investigation by the Brown County Drug Task Force that included a search of a motel room occupied by Patriquin, Tabitha Garczynski, and Mary Perez. Task force members discovered 5.10 grams of amphetamine, 0.74 grams of methamphetamine, 13.13 grams of marijuana, 4.39 grams of psilocybin mushrooms, and various prescription medications in the motel room. Accompanying drug enforcement agency agents recovered an additional 250.01 grams of methamphetamine.

¶3      Patriquin gave a statement to police in which she admitted recently having an "Asian Milwaukee" source of supply for methamphetamine and also having traveled to California on one occasion to obtain some methamphetamine. In addition, Patriquin had sold methamphetamine in the past for her father and nine brothers who cooked it.

¶4      Patriquin told the PSI author she had been off drugs since 2006, until she relapsed around Thanksgiving in 2015 and began selling small amounts of methamphetamine to support her habit. Patriquin said she believed that

2

Garczynski, who was one of her suppliers, had been involved in selling much greater quantities, and she asserted that the majority of the methamphetamine recovered from the motel room actually belonged to Garczynski.

¶5     The PSI author also contacted a member of the drug task force, who noted that the seizure of methamphetamine from Patriquin's motel room was one of the biggest ever made in Brown County at that time. The task force member described Patriquin as having been "very involved in a very high level of methamphetamine distribution" by booking flights and rental cars for another woman, Vanessa Ramirez, who traveled to California to bring back methamphetamine. After Ramirez was robbed of her methamphetamine supply, Patriquin "hooked up with an Asian group" for whom she would sell a pound of methamphetamine at a time, and to whom she introduced Garczynski. The task force member further said he felt a ten-year period of incarceration would be appropriate for Patriquin, in line with the State's recommendation.

¶6     The circuit court sentenced Patriquin to eight years of initial confinement and six years of extended supervision. Patriquin moved for resentencing based upon alleged violations of her rights to due process and to the effective assistance of trial counsel. The motion was accompanied by an affidavit averring that Patriquin's trial counsel had not provided her with a copy of the PSI prior to sentencing, and that the PSI contained a number of factual errors regarding the amount and ownership of the drugs recovered from Patriquin's motel room, as well as Patriquin's role in the drug trafficking operation. Patriquin sought a hearing at which she could challenge the alleged inaccuracies in the PSI and be resentenced based upon a redacted PSI.

¶7     The circuit court held a postconviction hearing at which both Patriquin and her trial counsel testified. Patriquin reiterated the allegations she had made in her motion and affidavit. Counsel confirmed that he had not provided Patriquin with a copy of the PSI. He said he had reviewed the PSI with Patriquin over the phone, giving her a "full picture" of the information it contained, but he had not read it to her "word for word." He believed much of the information in the PSI was an accurate representation of information from Patriquin's own statement to police, but he stated the PSI also included unverified and unwarranted conclusions made by law enforcement as to Patriquin's role in the drug trafficking operation. Counsel said he discussed with Patriquin the investigator's assessment of Patriquin's role and sentence recommendation set forth in the PSI, and told her he would handle them through argument at sentencing, which he did.

¶8     The circuit court treated Patriquin's motion as alleging that she had been sentenced on inaccurate information without having been given a fair opportunity to rebut it. However, a member of the drug task force had testified at the sentencing hearing about Patriquin's role in the drug trafficking operation and made assertions similar to those that had been made in the PSI. The court noted that Patriquin's trial counsel had cross-examined the task force member about Patriquin's role—including emphasizing the lack of corroborating evidence such as controlled drug buys or text messages that could have shown that Patriquin was involved in dealing significant amounts.

¶9     Additionally, the circuit court emphasized that Patriquin had not disputed the descriptions by either the task force member or the prosecutor about her drug trafficking activities during her own allocution. The court also stated that it was aware, at the time of the sentencing, that not all of the methamphetamine recovered from Patriquin's motel room belonged to her and that it did not believe

Patriquin was the mastermind of the operation or that she orchestrated significant out-of-state transactions. Nonetheless, the court stated it was satisfied that the drugs in Patriquin's possession were not solely for personal use. The court concluded that while the contentions in the PSI about Patriquin's role in the drug trafficking organization might have been based upon disputed inferences, Patriquin had not shown that the court actually relied on any inaccurate facts when imposing her sentence. The court denied Patriquin's postconviction motion, and she now appeals.

## DISCUSSION

### I. Due Process

¶10 Patriquin first argues that she was denied due process when her attorney failed to allow her to review the PSI in its entirety prior to sentencing. However, due process was satisfied once counsel was provided a copy of the PSI. *State v. Flores*, 158 Wis. 2d 636, 643 n.3, 462 N.W.2d 899 (Ct. App. 1990), *overruled on other grounds by State v. Knight*, 168 Wis. 2d 509, 519 & n.6, 484 N.W.2d 540 (1992). Therefore, we will review counsel's failure to provide Patriquin with a copy of the PSI only in the context of her ineffective assistance claim.

### II. Ineffective Assistance

¶11 To establish a claim of ineffective assistance of counsel, a defendant must prove two elements: (1) deficient performance by counsel; and (2) prejudice resulting from that deficient performance. *State v. Sholar*, 2018 WI 53, ¶32, 381 Wis. 2d 560, 912 N.W.2d 89. We will not set aside the circuit court's factual findings about what actions counsel took or the reasons for them unless they are

clearly erroneous. *See State v. Balliette*, 2011 WI 79, ¶19, 336 Wis. 2d 358, 805 N.W.2d 334. However, whether counsel's conduct violated the constitutional standard for effective assistance is ultimately a legal determination that this court decides independently. *See id.* We need not address both elements of the test if the defendant fails to make a sufficient showing on one of them. *State v. Swinson*, 2003 WI App 45, ¶58, 261 Wis. 2d 633, 660 N.W.2d 12.

¶12 In order to demonstrate deficient performance, a defendant must overcome a presumption that counsel's actions fell within a wide range of professional conduct. *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Reasonable strategic choices informed by counsel's investigation of the law and facts are virtually unchallengeable on appeal. *Id.* at 690. A defendant proves prejudice by demonstrating there is a reasonable probability that, but for counsel's unprofessional conduct, the result of the proceeding—in this case, the sentencing hearing—would have been different. *Id.* at 694. The "reasonable probability" standard does not require a showing that it is "more likely than not" that a jury would have acquitted the defendant. *Sholar*, 381 Wis. 2d 560, ¶44. Still, the "reasonable probability" standard is tied to the reviewing court's confidence in the outcome, and the "likelihood of a different result must be substantial, not just conceivable." *Id.*, ¶45; *State v. Langlois*, 2017 WI App 44, ¶20, 377 Wis. 2d 302, 901 N.W.2d 768 (citation omitted).

¶13 Patriquin contends her trial counsel provided ineffective assistance by failing to: (1) provide her with a copy of the PSI or to read it to her verbatim; (2) request a hearing to resolve disputed information in the PSI prior to sentencing; (3) move to strike the sentencing recommendation made by law enforcement in the PSI; (4) consult with Patriquin prior to her PSI interview and advise her how to address inculpatory statements she had made to law

enforcement; and (5) present information from Garczynski's sentencing hearing that would have buttressed Patriquin's claim that the majority of the drugs seized in Patriquin's motel room actually belonged to Garczynski. We reject each of these contentions.

¶14  First, we conclude Patriquin has failed to demonstrate she was prejudiced by her trial counsel's failure to provide her with a copy of the PSI. Patriquin was put on notice about the general content of the PSI—including law enforcement's disputed conclusions about Patriquin's role in the drug trafficking operation—through counsel's description of the PSI to her, her access to prior discovery materials upon which the disputed PSI statements were based, and the testimony of the drug force task member at sentencing. Patriquin's trial counsel argued at sentencing against the inferences that had been drawn by law enforcement about Patriquin's level of involvement in the drug trafficking operation, and the circuit court did not assume that all of the drugs in the motel room belonged to Patriquin or that Patriquin was involved in any significant out-of-state trafficking. The court reasonably determined that Patriquin did not present any new evidence at the postconviction hearing that would have changed the court's view of Patriquin's role in the organization or affected its sentencing decision.

¶15  Second, we are satisfied that it was a reasonable strategic decision to challenge the inferences made by law enforcement through argument at the sentencing hearing rather than by requesting a separate evidentiary hearing. Counsel explained that he did not want to try to undermine the PSI too much because its ultimate recommendation was favorable to Patriquin. Excessive challenges to the PSI might also have undermined Patriquin's full acceptance of responsibility. Moreover, Patriquin was not prejudiced by the lack of a

presentence evidentiary hearing because, as we have just discussed above, she did not present any new evidence at the postconviction hearing that likely would have altered her sentence.

¶16     Third, Patriquin faults counsel for failing to move to strike the task force member's sentence recommendation from the PSI.  However, she provides no citation to legal authority supporting her contention that the recommendation was improper, nor does she materially develop any argument in this regard.  This is not a situation in which a sentence recommendation by law enforcement differed from the State's negotiated recommendation and thus breached a plea agreement.  *Cf.* ***State v. Matson***, 2003 WI App 253, ¶26, 268 Wis. 2d 725, 674 N.W.2d 51.  Counsel does not perform deficiently by failing to bring a meritless motion.  ***State v. Sanders***, 2018 WI 51, ¶29, 381 Wis. 2d 522, 912 N.W.2d 16.

¶17     As to trial counsel's failure to consult with Patriquin before her PSI interview, there was no deficient performance because counsel had no duty to do so.  *See* ***State v. Knapp***, 111 Wis. 2d 380, 385, 330 N.W.2d 242 (Ct. App. 1983).  Patriquin has also failed to demonstrate prejudice because she was already aware from discovery materials that law enforcement viewed her as being highly involved in the drug trafficking operation, based in part upon her own statement.  If she wished to clarify or disavow any part of that statement, she could rely on her own knowledge of events to do so.

¶18     Finally, Patriquin complains that her trial counsel failed to review the transcript from Garczynski's sentencing hearing prior to Patriquin's sentencing.  We note that Patriquin did not clearly articulate or develop this argument before the circuit court.  Even assuming the argument was not forfeited, we conclude that, once again, Patriquin has failed to demonstrate prejudice from

counsel's alleged omission. Patriquin was not mentioned during Garczynski's sentencing hearing, and Patriquin has not shown that anything said at Garczynski's sentencing would have been likely to affect Patriquin's sentence. Again, the court stated at the postconviction motion hearing that it did not believe Patriquin was the mastermind of the operation.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2017-18).