COURT OF APPEALS
DECISION
DATED AND FILED

March 9, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2019AP1555-CR**

STATE OF WISCONSIN

Cir. Ct. No. 2017CF122

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

JERMAINE NIELSEN,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Barron County: J. MICHAEL BITNEY, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Seidl, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Jermaine Nielsen appeals from a judgment convicting him of second-degree sexual assault of an unconscious victim and from

an order denying his postconviction motion. The sole issue on appeal is whether Nielsen's trial counsel provided ineffective assistance by failing to object to comments made by the prosecutor at sentencing regarding the accuracy of a risk assessment contained in the presentence investigation report (PSI). Nielsen contends the prosecutor's comments breached the plea agreement. We reject that contention and affirm.

## BACKGROUND

¶2　　The details of the sexual assault charge in this case are not relevant to the issue on appeal. In exchange for Nielsen's plea, the State agreed that a PSI would be ordered and that the State would "follow the recommendations of the PSI."

¶3　　The PSI author recommended a sentence of eleven to fourteen years' imprisonment, consisting of six to eight years' initial confinement followed by five to six years' extended supervision. In making this recommendation, the PSI author took into account a Correctional Offender Management Profiling for Alternative Sanctions (COMPAS) report that rated Nielsen's risk for violent or general recidivism as medium.

¶4　　At the sentencing hearing, the prosecutor expressed disagreement with the COMPAS report's assessment of Nielsen's risk of recidivism. The prosecutor stated:

> I never do understand what they do to come up with these assessments, but I think when you look at the risk, I think he's much higher than medium ….
>
> ….
>
> I think at the end of the day when we look at the risk of Mr. Nielsen, again, I think he's a guy that does what he

> wants when he wants, no thought really put to the consequences or the impact of his decisions on not only himself, but other people that might be victimized by him. Certainly not his family, certainly not his wife, certainly not his mother. I think that's who he is, and that is a high risk for somebody who does that type of stuff and did this type of offense in the first place. I think he's extremely high risk.

The prosecutor then endorsed the PSI author's sentence recommendation with the following comments:

> So my agreement was to follow the presentence recommendation. It's a prison recommendation. I think that is more than appropriate in this case. He is not a probation candidate by any stretch of the imagination because of the seriousness of the offense, because of his character issues, because of his rehabilitative needs. He is not a probation case, he is a prison case, and I think what the PSI is recommending is appropriate for him.

¶5 In discussing the sentencing factors, the circuit court echoed the prosecutor's view that it is difficult to determine how COMPAS risk assessments are reached in general and that the COMPAS assessment in this case was not a valid indicator of the "substantial" risk the court believed Nielsen posed to the public. The court noted that Nielsen needed treatment for alcohol addiction, cognitive therapy, and sex offender treatment—all of which would require "significant time"—but that, according to the PSI, Nielsen did not acknowledge that he had a substance abuse problem requiring treatment. The court further observed that Nielsen had not taken full responsibility or expressed genuine remorse for the assault. The court opined that "until someone truly takes a hard, honest look at what got them to where they are and how to change, they pose a real and substantial risk to reoffend."

¶6      Considering the seriousness of the offense as well as Nielsen's character and rehabilitative needs, the circuit court observed that this was "clearly a prison case." The court concluded that Nielsen's rehabilitative needs could best be met in the structure of a confined prison setting and that it would take a significant amount of time for him to work through all of his issues before he could be safely reintegrated into society. The court then sentenced Nielsen to ten years' initial confinement, followed by five years' extended supervision. The sentence imposed exceeded the recommendations of the PSI and the State by two years with respect to the initial period of incarceration and by one year with respect to the total length of imprisonment.

¶7      Nielsen moved for plea withdrawal or resentencing on the ground that his trial attorney provided ineffective assistance by failing to object to the prosecutor's comments regarding Nielsen's risk of recidivism.[1] Nielsen viewed the prosecutor's comments as a breach of the parties' plea agreement—arguing that it was a "less than neutral" recitation that "undercut the essence of the plea." The circuit court denied the motion, and Nielsen appeals.

**DISCUSSION**

¶8      To establish a claim of ineffective assistance a defendant must prove two elements: (1) deficient performance by counsel; and (2) prejudice resulting from that deficient performance. *See* **State v. Sholar**, 2018 WI 53, ¶32, 381 Wis. 2d 560, 912 N.W.2d 89. We will not set aside the circuit court's factual findings about what actions counsel took or the reasons for them unless they are

---

[1] Nielsen also sought plea withdrawal on three additional grounds, but he does not renew those claims on appeal.

4

clearly erroneous. *See State v. Balliette*, 2011 WI 79, ¶19, 336 Wis. 2d 358, 805 N.W.2d 334. Whether counsel's conduct violated the constitutional standard for effective assistance is, however, ultimately a legal determination that this court decides independently. *State v. Swinson*, 2003 WI App 45, ¶57, 261 Wis. 2d 633, 660 N.W.2d 12.

¶9 We need not address both elements of the ineffective assistance test if the defendant fails to make a sufficient showing on one of them. *Id.*, ¶58. We conclude Nielsen failed to show that his counsel performed deficiently in this case.

¶10 To demonstrate deficient performance, a defendant must overcome a presumption that counsel's actions fell within a wide range of acceptable professional conduct. *Strickland v. Washington*, 466 U.S. 668, 689 (1984). Counsel does not perform deficiently by failing to bring a meritless motion. *State v. Sanders*, 2018 WI 51, ¶29, 381 Wis. 2d 522, 912 N.W.2d 16.

¶11 Here, Nielsen contends the prosecutor breached the parties' plea agreement by stating he disagreed with the COMPAS report's risk assessment and that he personally believed Nielsen presented a high risk of recidivism. This implies that Nielsen's trial counsel provided ineffective assistance by failing to move to strike or otherwise objecting to the prosecutor's comments.[2] We disagree, however, that the prosecutor's comments breached the plea agreement.

¶12 The plea agreement did not require the State to endorse the COMPAS risk assessment or to agree to every fact recited in the PSI, but merely

---

[2] Nielsen acknowledges in his reply brief that the issue on appeal is properly framed in the context of an ineffective assistance claim.

to follow the sentence recommendation in the PSI. The prosecutor fulfilled his obligation under the plea agreement by reiterating that he had agreed to follow the PSI sentence recommendation and further stating that the PSI sentence recommendation for a prison term was "more than appropriate."

¶13    Nielsen asserts that a prosecutor "may not render less than a neutral recitation of the terms of a plea agreement" so as to "covertly convey to the trial court that a more severe sentence is warranted than that recommended." *State v. Williams*, 2002 WI 1, ¶43, 249 Wis. 2d 492, 637 N.W.2d 733. We agree with that proposition, but do not agree that is what happened here. At no time did the prosecutor suggest that classifying Nielsen's risk of recidivism as high rather than medium warranted a lengthier sentence than was being recommended. To the contrary, the prosecutor endorsed the PSI sentence recommendation as appropriate, taking into account the prosecutor's own view that Nielsen presented a high risk of recidivism. In other words, the prosecutor's comments were adequately tailored toward providing justification for the recommended sentence, as opposed to suggesting that a more severe penalty was warranted.

¶14    Our determination that the prosecutor did not breach the plea agreement compels the conclusion that Nielsen's trial counsel did not provide ineffective assistance by failing to object to the prosecutor's comments. Therefore, the circuit court properly denied Nielsen's motion for resentencing.

> *By the Court.*—Judgment and order affirmed.

> This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2017-18).