COURT OF APPEALS
DECISION
DATED AND FILED

December 21, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP1410-CR**

STATE OF WISCONSIN

Cir. Ct. No. **2018CF81**

IN COURT OF APPEALS
DISTRICT III

STATE OF WISCONSIN,

    PLAINTIFF-RESPONDENT,

V.

SHAYNE T. TRUDELLE,

    DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Barron County: JAMES C. BABLER, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. Shayne Trudelle appeals a judgment of conviction, following a jury trial, of multiple crimes. He also appeals from the order denying

his postconviction motion for relief. Trudelle contends that his trial counsel was ineffective in several respects. Upon review, we affirm.

## BACKGROUND

¶2      On March 5, 2018, the State charged Trudelle with use of a computer to facilitate a child sex crime, child enticement, possession of methamphetamine, and carrying a concealed weapon. An amended Information later added charges of attempting to expose a child to harmful material and attempting to sexually assault a child under sixteen years of age.

¶3      According to the criminal complaint, Trudelle, age forty-three at the time, placed an advertisement on craigslist.com seeking to have oral sex with a younger male. Officer Heather Wolfe responded to the advertisement and, after exchanging a few messages, identified herself as a fifteen-year-old boy named "Spencer." Trudelle continued to show interest in Spencer after learning his age, sending Spencer two pictures of male genitalia and a picture of himself. Trudelle described the sexual activity in which he was interested, and also stated that Spencer's age was not a concern. Ultimately, Trudelle and Spencer agreed to meet in a Kohl's parking lot, where Trudelle was arrested. Upon arrest, Wolfe saw that Trudelle's pants were unzipped and unbuttoned and that Trudelle's belt was undone. During an inventory search of the vehicle conducted after Trudelle's arrest, police found methamphetamine and a handgun in the vehicle. Additional methamphetamine was found on Trudelle at the jail.

¶4      The matter proceeded to trial. Wolfe's testimony was consistent with the criminal complaint, and she explained to the jury the events leading up to Trudelle's arrest. Officer Jacob Taylor testified that he conducted a search of Trudelle's vehicle after it was removed from the scene of Trudelle's arrest. Taylor

testified that during the inventory search he found a handgun in the vehicle's center console. The inventory report was submitted into evidence. Taylor also testified that Trudelle turned over two bags of methamphetamine at the jail. Officer Keatin LeBrocq testified that after Trudelle changed into his jail uniform, LeBrocq went through Trudelle's clothes and found more baggies of methamphetamine.

¶5 Trudelle testified on his own behalf, telling the jury that he was a methamphetamine addict and that he had forgotten his firearm was in the vehicle. Trudelle also testified that he did not read Wolfe's email first referencing that Spencer was fifteen years old, but did ultimately read a text explicitly stating that was Spencer's age. Trudelle told the jury that he had no interest in meeting minors for sex, and explained that he had previously posted Craigslist advertisements and had been lied to during the ensuing communications, leading him to believe that Spencer was also lying about his age. The jury convicted Trudelle on all charges.

¶6 Prior to sentencing, the State submitted a report from an investigator, Chad Thompson. The report detailed information pertaining to Trudelle's internet search history on multiple devices that law enforcement located during a search of Trudelle's home pursuant to a warrant. The history contained numerous searches related to sex and teenage boys. At the sentencing hearing, the circuit court discussed Thompson's report, stating that it merely confirmed the court's conclusion that Trudelle lied at trial when he testified that he was not sexually interested in teenage boys. The court imposed a global sentence of twenty-two years in the Wisconsin prison system.

¶7    Trudelle filed a postconviction motion alleging that his trial counsel was ineffective in multiple ways.  As relevant to this appeal, Trudelle argued that counsel was ineffective for failing to move to sever the child sex charges from the drug and firearm possession charges.  Trudelle also argued that counsel was ineffective for failing to object to two exhibits—Exhibits 13 and 17—as being overly prejudicial.  Exhibit 13 contained the text of the advertisement Trudelle placed on Craigslist, while Exhibit 17 contained a detailed inventory of the items found in Trudelle's car, some of which were not testified about at trial.  Both exhibits were given to the jury to view during deliberations.  Trudelle also argued that Thompson's internet search history report was inaccurate and prejudicial and that the sentencing court therefore relied on inaccurate information.

¶8    The postconviction court held a ***Machner***[1] hearing, where trial counsel told the court that he did not move to sever the drug and firearm charges from the sex-related charges, in part, because he did not believe that such a motion would have been successful.  Counsel also stated that the theory of defense was that the methamphetamine may have clouded Trudelle's judgment, and counsel used the information regarding the charges related to Trudelle's methamphetamine possession to attack the other charges.  Counsel stated that he did not recall objecting to either Exhibit 13 or Exhibit 17, nor did he recall whether all of the exhibits were seen by the jury during deliberations, stating that he would rely on the record for that information.  Counsel did not recall discussing Trudelle's internet search history, stating again that he would rely on the record for that

---

[1] *See **State v. Machner***, 92 Wis. 2d 797, 285 N.W.2d 905 (Ct. App. 1979).

information. The postconviction court denied Trudelle's motion. This appeal follows. Additional facts will be included as relevant to the discussion.

## DISCUSSION

¶9     On appeal, Trudelle contends that his trial counsel was ineffective for: (1) failing to move to sever the drug and firearm charges from the sex-related charges; (2) failing to object to the admission of Exhibits 13 and 17; and (3) failing to object at sentencing to Thompson's report showing Trudelle's internet search history. He also argues that the sentencing court erroneously relied on Thompson's report, which Trudelle characterizes as inaccurate information. Finally, Trudelle contends that the cumulative effect of counsel's errors resulted in prejudice to his defense and that he is entitled to a new trial.

### I.  Ineffective Assistance of Counsel

¶10     To prevail on an ineffective assistance of counsel claim, a defendant must prove both that trial counsel's performance was deficient and that the deficiency prejudiced the defense. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984). If the defendant fails to prove one component, a court need not consider the other. *See id.* at 697. To prove deficiency, Trudelle must show that trial counsel's actions or omissions were "professionally unreasonable." *See id.* at 691. To prove prejudice, Trudelle must show that trial counsel's errors had an actual, adverse effect on his defense. *See id.* at 693. Whether counsel's performance was deficient and whether the deficiency was prejudicial are questions of law that we review de novo. *See State v. Johnson*, 153 Wis. 2d 121, 128, 449 N.W.2d 845 (1990).

## A. Severance

¶11    Trudelle first claims that his trial counsel was ineffective for failing to move to sever the possession of methamphetamine and concealed weapon charges from the four sex-related charges.  Specifically, Trudelle argues that "there was an insufficient overlap in evidence between the counts," and that "the danger of unfair prejudice outweighed the public's right to a joint trial on all of these counts."

¶12    WISCONSIN STAT. § 971.12(1) (2019-20),[2] provides that two or more crimes may be charged in the same complaint or information if they "are of the same or similar character or are based on the same act or transaction or on [two] or more acts or transactions connected together or constituting parts of a common scheme or plan."  The joinder statute is to be construed broadly in favor of joinder. *State v. Locke*, 177 Wis. 2d 590, 596, 502 N.W.2d 891 (Ct. App. 1993).  Pursuant to § 971.12(3), even after initial joinder, the court may order separate trials "if it appears that a defendant is prejudiced by a joinder of the counts."  A motion for severance is addressed to the circuit court's discretion, and "when evidence of the counts sought to be severed would be admissible in separate trials, the risk of prejudice arising because of joinder is generally not significant."  *Locke*, 177 Wis. 2d at 597 (citation omitted).

¶13    Here, all of the crimes are sufficiently connected together so as to be properly joined for purposes of trial.  They all arose from the same investigation and all culminated with the arrest of Trudelle in the Kohl's parking lot.  Trudelle

---

[2] All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

ignores the fact that at the moment he was arrested for soliciting sex, child enticement, attempted sexual assault, and attempted exposing a child to harmful materials, possession of methamphetamine and possession of a concealed firearm. The charges were inextricably linked. Moreover, the postconviction court stated that it would not have granted a motion to sever had Trudelle's trial counsel filed such a motion. Accordingly, trial counsel was not deficient in failing to move to sever the charges. *See **State v. Sanders***, 2018 WI 51, ¶54, 381 Wis. 2d 522, 912 N.W.2d 16 (stating that a failure to bring a meritless motion does not constitute deficient performance).

## B. Exhibits 13 and 17

¶14 Next, Trudelle contends that his trial counsel was ineffective for failing to object to the admission of the Craigslist advertisement in which Trudelle sought oral sex with "guys younger than myself," and of the vehicle inventory, which listed some items not discussed at trial.

¶15 At trial, the advertisement was admitted into evidence as Exhibit 13, but it was not read in its entirety to the jury; rather, Wolfe testified that she responded to Trudelle's advertisement in which he sought to have oral sex with younger men. The entire advertisement—which was sent to the jury during deliberations—stated: "Looking for guys younger than myself who enjoys getting his cock sucked ... I love working a nice cock ... I[']ll suck until [I] get that load in my mouth ... hopefully a couple." Trudelle contends that counsel should have objected to the exhibit because the text of the advertisement "would work only to elicit the disgust and or disdain of the jurors." Trudelle also contends that Exhibits 13 and 17 each lacked probative value and relevance and were unfairly prejudicial to his defense. We disagree.

¶16    Relevant evidence is admissible unless "its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury, or by considerations of undue delay, waste of time, or needless presentation of cumulative evidence." *State v. Payano*, 2009 WI 86, ¶80, 320 Wis. 2d 348, 768 N.W.2d 832 (quoting WIS. STAT. § 904.03; emphasis omitted).    Unfair prejudice happens when the proffered evidence tends to influence the outcome by improper means. *State v. Sullivan*, 216 Wis. 2d 768, 789-90, 576 N.W.2d 30 (1998).  Evidence is unfairly prejudicial when it "appeals to the jury's sympathies, arouses its sense of horror, provokes its instinct to punish or otherwise causes a jury to base its decision on something other than the established propositions in the case." *Id.*  This court reviews a circuit court's decision to admit or exclude evidence under an erroneous exercise of discretion standard. *See State v. Mayo*, 2007 WI 78, ¶31, 301 Wis. 2d 642, 734 N.W.2d 115.

¶17    We are not persuaded that Trudelle's counsel performed deficiently by failing to object to the admission of Exhibit 13.  The advertisement was highly relevant to the charges against Trudelle.  The text of the posting demonstrated Trudelle's intent to have oral sex with anyone responding to the advertisement, particularly someone "younger," including Spencer.  Trudelle's plan to meet with Spencer was based upon Spencer's response to the advertisement and the ensuing correspondence, in which Spencer identified himself as a minor.  While the language of the advertisement was graphic, it was written and posted by Trudelle himself and ultimately served as the catalyst for the charges.  The language of the advertisement was therefore relevant and not unfairly prejudicial to Trudelle's case.  Accordingly, counsel did not render deficient performance in failing to object to the admission of the exhibit.

¶18    We are also unpersuaded by Trudelle's argument that his counsel was ineffective for failing to object to the vehicle inventory. The inventory lists a cell phone, a firearm and $278 cash found in the center console, as well as gloves and a mask found in the back of the car. The only discussion on the record at trial was about the firearm. Trudelle contends that the inventory constituted other acts evidence that could cause a jury to speculate about the intended use for the other items—particularly the mask—with a fifteen-year-old boy.

¶19    "The admissibility of other acts evidence is governed by WIS. STAT. §§ 904.04(2) and 904.03." *Sullivan*, 216 Wis. 2d at 781. As a general matter, evidence of "other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that the person acted in conformity therewith." Sec. 904.04(2)(a). The Wisconsin Supreme Court set forth a three-part test for determining whether other acts evidence is admissible. *Sullivan*, 216 Wis. 2d at 772-73. That test instructs trial courts to consider whether: (1) "the other acts evidence was offered for an acceptable purpose"; (2) "the evidence is relevant"; and (3) the probative value of the evidence is substantially outweighed by the danger of unfair prejudice, confusion, or delay. *Id.*

¶20    Here, the inventory of the vehicle was relevant to prove that Trudelle concealed a firearm at the time of his arrest. Contrary to Trudelle's assertion, nothing else on the list suggests that Trudelle committed other crimes or wrongs. The fact that Trudelle possessed a mask and gloves (located in the back seat of the vehicle) during the Wisconsin winter is not unusual or prejudicial. Money is a benign possession, and the mere possession of a mask is not incriminating. As the postconviction court noted, the State did not call attention to the other items on the list and there were no grounds to exclude the evidence as inadmissible other acts evidence. Indeed, the postconviction court stated that it would have overruled an

9

objection had counsel made one. Counsel, therefore, did not render deficient performance in failing to object to the admission of Exhibit 17. *See Sanders*, 381 Wis. 2d 522, ¶54 (Failure to bring a meritless motion does not constitute deficient performance.).

### C. Sentencing Report

¶21 Lastly, Trudelle contends that counsel was ineffective for failing to object to Thompson's report at sentencing. Trudelle contends that the report was inaccurate.

¶22 Trudelle cannot demonstrate that the information in Thompson's report is inaccurate. The report was based upon a review of the contents of Trudelle's two cell phones and a laptop hard drive. The items contained sexually explicit material and multiple sex-related searches for teenage boys. There is no evidence that the methods Thompson used to examine the devices were flawed. Trudelle does not argue that the devices were not his devices or that the images and information described in the report were not located on his devices, nor does Trudelle deny conducting the identified searches. Accordingly, Trudelle cannot demonstrate that counsel performed deficiently by failing to object to the report, nor can he demonstrate that the sentencing court relied on inaccurate information in the report when sentencing him.

## II. Cumulative Prejudice

¶23 Trudelle contends that the sum of trial counsel's errors resulted in cumulative prejudice. However, as discussed, Trudelle has not demonstrated that counsel rendered deficient performance in any capacity. Trudelle fails to show

ineffective assistance. "[Z]ero plus zero equals zero." ***State v. Simpson***, 185 Wis. 2d 772, 786, 519 N.W.2d 662 (Ct. App. 1994) (citations omitted).

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.

11