# COURT OF APPEALS
## DECISION
## DATED AND FILED

## November 14, 2023

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No.  2022AP792-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. 2017CF370

**IN COURT OF APPEALS**
**DISTRICT I**

STATE OF WISCONSIN,

　　　PLAINTIFF-RESPONDENT,

　V.

DONALD L. TREADWELL,

　　　DEFENDANT-APPELLANT.

　　　APPEAL from a judgment and an order of the circuit court for Milwaukee County:  MARK A. SANDERS, Judge.  *Affirmed.*

　　　Before White, C.J., Donald, P.J., and Dugan, J.

　　　**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1     PER CURIAM. Donald L. Treadwell appeals from a judgment entered following a jury trial convicting him of one count of first-degree sexual assault of a child under the age of thirteen, and an order denying his postconviction motion. On appeal, Treadwell contends that trial counsel was ineffective for failing to request a mistrial and that the circuit court erroneously denied his postconviction motion without a hearing. For the reasons discussed below, we affirm.

## BACKGROUND

¶2     Treadwell was charged with first-degree sexual assault of a child under the age of thirteen. According to the criminal complaint, E.C. allowed Treadwell, her father, who she had not seen in over thirty years, to stay at her house. On January 20, 2017, E.C.'s eight-year-old son, T.E., told E.C. that "[m]y grandpa is nasty" and "Grandpa asked me could he touch my ding a ling and suck it." T.E. told police that his grandfather reached in his pants and touched his "private part." In a **Mirandized**[1] interview, Treadwell admitted to asking T.E. to have sex with him and to touching T.E. on his penis.

¶3     In preparation for trial, Treadwell's counsel filed a motion in limine requesting that the circuit court prohibit the State from introducing evidence at trial "as to alleged criminal acts or other misconduct" by Treadwell, which the court granted.

¶4     Treadwell's case proceeded to trial, beginning on October 22, 2018. The State called several witnesses, including E.C., T.E., Officer Cindy Carlson,

---

[1] *See **Miranda v. Arizona**, 384 U.S. 436 (1966).*

and Detective Steve Wells. The defense did not call any witnesses and Treadwell did not testify.

¶5    Relevant to this appeal, during trial, the State asked E.C. if she was surprised when T.E. came into her room and told her what Treadwell did and she replied that there were "rumors that [Treadwell] was a predator." Treadwell's trial counsel immediately objected and moved to strike. The circuit court sustained the objection and instructed the jury to "disregard those comments and not give them any weight."

¶6    Subsequently, during its closing instructions, the circuit court advised the jury that it was required to disregard all stricken testimony. The court stated:

> During the trial I ordered certain testimony to be stricken or instructed you to disregard certain testimony. The jury will disregard all stricken testimony. The jury will not consider and will not give any weight to testimony that you have been instructed to disregard.

¶7    The jury found Treadwell guilty as charged. Treadwell was sentenced to sixteen years of initial confinement and ten years of extended supervision.

¶8    Treadwell filed a postconviction motion seeking an evidentiary hearing and new trial on the grounds that he received ineffective assistance of counsel when trial counsel failed to move for a mistrial after E.C. testified that there were rumors that he was a predator.

¶9    After briefing, the circuit court denied Treadwell's motion without an evidentiary hearing. The circuit court found that trial counsel was not deficient for failing to move for a mistrial. The court stated that even if counsel had moved

for a mistrial, it would not have granted that request. The court stated that E.C.'s testimony was "unsolicited, extremely brief," "non-specific," and "simply was not the sort of 'plain and obvious' issue that would preclude the court from utilizing the less drastic alternative of instructing the jury to disregard it." In addition, the court found that Treadwell was not prejudiced given the strength of the State's case and the court's instructions to the jury. This appeal follows.

## DISCUSSION

¶10 On appeal, Treadwell renews his argument that trial counsel was ineffective for failing to move for a mistrial and further contends that the circuit court should have granted an evidentiary hearing on his postconviction motion.

¶11 When a postconviction motion is denied without an evidentiary hearing, we review independently "whether the motion on its face alleges sufficient material and non-conclusory facts that, if true, would entitle the defendant to relief" and "whether the record conclusively demonstrates that the defendant is not entitled to relief." *State v. Jackson*, 2023 WI 3, ¶8, 405 Wis. 2d 458, 983 N.W.2d 608. "[I]f the motion does not raise facts sufficient to entitle the movant to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief, the circuit court has the discretion to grant or deny a hearing." *State v. Allen*, 2004 WI 106, ¶9, 274 Wis. 2d 568, 682 N.W.2d 433.

¶12 To prevail on an ineffective assistance of counsel claim, a defendant must show that counsel performed deficiently, and that the deficiency was prejudicial. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). If a defendant fails to make an adequate showing as to one prong of the test, we need not address the other. *Id.* at 697.

¶13   In this case, we conclude that the record conclusively shows that Treadwell's trial counsel was not deficient.

¶14   Counsel performs deficiently if his conduct falls below "an objective standard of reasonableness." *Id.* at 688. "Counsel does not perform deficiently by failing to bring a meritless motion." *State v. Sanders*, 2018 WI 51, ¶29, 381 Wis. 2d 522, 912 N.W.2d 16. "In determining whether counsel's performance was deficient for failing to bring a motion, we may assess the merits of that motion." *Id.*

¶15   Generally, the decision whether to grant a mistrial is "within the sound discretion of the [circuit] court." *State v. Pankow*, 144 Wis. 2d 23, 47, 422 N.W.2d 913 (Ct. App. 1988). A motion for a mistrial is not warranted unless, in light of the entire proceeding, the basis for the mistrial motion is "sufficiently prejudicial" to warrant a new trial. *See State v. Bunch*, 191 Wis. 2d 501, 506, 529 N.W.2d 923 (Ct. App. 1995). "[N]ot all errors warrant a mistrial and 'the law prefers less drastic alternatives, if available and practical.'" *State v. Adams*, 221 Wis. 2d 1, 17, 584 N.W.2d 695 (Ct. App. 1998) (citation omitted).

¶16   In this case, we agree with the circuit court that E.C.'s testimony did not warrant a mistrial. *See Bunch*, 191 Wis. 2d at 506. First, as the circuit court observed, the State's case was "strong." At Treadwell's trial, E.C. testified that T.E. came into her room and told her, "Mama, Grandpa nasty." E.C. asked T.E. what he meant, and T.E. said, "Grandpa asked me could he suck my dick and put his hands down my pants." E.C. then went to confront Treadwell and said, "You asked [T.E.] could you suck his dick?" E.C. testified that Treadwell responded, "yeah and put his head down in shame."

¶17 Consistent with E.C.'s testimony, T.E. testified that Treadwell asked him if he could "suck it" and touched T.E.'s "private part" with his hand. T.E. testified that he then went to his mom's room and told her, "my Grandpa nasty" and relayed what happened.

¶18 T.E.'s testimony was also corroborated by Officer Carlson, who conducted T.E.'s forensic interview. After the forensic interview was played for the jury, Officer Carlson confirmed that T.E. told her that "his grandfather squeezed his private parts." The State also introduced a body diagram that Officer Carlson used during her interview with T.E. She testified that T.E. drew a circle where Treadwell had touched him, which was "where the penis would be located."

¶19 In addition, during the trial, the State played portions of Treadwell's in-custody interview. Near the end of the interview, Treadwell admitted he touched T.E.[2]

¶20 Second, as the circuit court observed, E.C.'s testimony that there were rumors that Treadwell was a predator was unsolicited and extremely brief.

¶21 Third, when trial counsel heard E.C.'s testimony, he immediately objected to the testimony and moved to strike. The circuit court sustained the objection and instructed the jury to disregard the comments and not give them any weight. Later, during closing instructions, the circuit court again instructed the

---

[2] We note that at trial, the defense argued that Treadwell was nervous, scared, and confused during his interrogation. Detective Wells, who interviewed Treadwell, however, testified that he specifically asked Treadwell certain background questions to determine his ability to understand the questions he was being asked. Based on the answers to those questions, Detective Wells felt that Treadwell understood him. Detective Wells testified that he would not have continued the interrogation had he been concerned that Treadwell did not understand what was happening.

jurors to disregard any stricken testimony. Jurors are presumed to follow instructions, *see* **State v. Truax**, 151 Wis. 2d 354, 362, 444 N.W.2d 432 (Ct. App. 1989), and the instructions cured any prejudicial effect of E.C.'s comment by a less drastic method than a mistrial, which is preferred by the law. *See Adams*, 221 Wis. 2d at 17.

¶22 Treadwell contends that the curative instructions in this case were insufficient to cure prejudice. In support, Treadwell points to **State v. Albright**, 98 Wis. 2d 663, 298 N.W.2d 196 (Ct. App. 1980).

¶23 In **Albright**, the defendant was found guilty of operating a motor vehicle while under the influence of an intoxicant following a jury trial. **Id.** at 665. On appeal, the defendant challenged his conviction on multiple grounds. **Id.** This court held that the State improperly told the jury in its opening statement that the police gave the defendant a preliminary breath test, the arresting officer improperly testified during the trial that the defendant had a knife and a chain on him when he was arrested, and the State improperly told the jury in its closing argument that the arresting officer did not get any "brownie points" for making an arrest. **Id.** at 675-77. Based on the cumulative impact of these errors and the "equivocal evidence" of the defendant's intoxication, we determined that the defendant was entitled to a mistrial. **Id.** at 677-78. In our decision, we noted that the circuit court gave instructions to the jury in an attempt to cure the erroneous references to the preliminary breath test and the confiscation of the knife and chain; however, the instructions were insufficient to overcome the improper testimony and statements. **Id.** at 677.

¶24 **Albright**, however, is distinguishable from this case. In **Albright**, the holding was based on the cumulative impact of the errors and the "equivocal

evidence" of the defendant's intoxication. *See id.* at 677-78. Here, as discussed above, there is only one alleged error, and the evidence was not "equivocal." Thus, we are not persuaded that the curative instructions here were insufficient.

¶25 Thus, in light of the entire record, we conclude that E.C.'s testimony was not "sufficiently prejudicial" to warrant a mistrial. *See **Bunch***, 191 Wis. 2d at 506. Accordingly, trial counsel did not perform deficiently by failing to bring a meritless motion, *see **Sanders***, 381 Wis. 2d 522, ¶29, and the circuit court properly denied Treadwell's postconviction motion without an evidentiary hearing. *See **Allen***, 274 Wis. 2d 568, ¶9.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.