COURT OF APPEALS
DECISION
DATED AND FILED

November 12, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP115-CR**

Cir. Ct. No. **2021CF3408**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

---

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

LYNETTA LAKE,

DEFENDANT-APPELLANT.

---

APPEAL from a judgment and an order of the circuit court for Milwaukee County: KORI L. ASHLEY, Judge. *Affirmed*.

¶1 GEENEN, J.[1] Lynetta Lake pleaded guilty to negligent operation of a motor vehicle and hit and run of an attended vehicle. The circuit court ordered restitution, and Lake filed a timely postconviction motion challenging the

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(f) (2021-22). All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

restitution order on the basis of ineffective assistance of counsel due to trial counsel's failure to call two witnesses during the restitution hearing. On appeal, Lake seeks review of the circuit court's denial of her postconviction motion. We reject Lake's argument and affirm.

## BACKGROUND

¶2　On August 10, 2021, G.J. reported to Milwaukee police that her neighbor, Lake, crashed into her car. While police were writing up the incident report, Lake got into her SUV and drove into G.J.'s car a second time before driving away. The next day, the State filed a criminal complaint charging Lake with second-degree recklessly endangering safety and hit and run of an attended vehicle. The complaint described the car that was hit as a "Mercedes sedan."

¶3　In October 2022, Lake pleaded guilty to negligent operation of a motor vehicle and hit and run of an attended vehicle, and a restitution hearing was scheduled. During the restitution hearing, G.J. and Lake both testified and provided conflicting accounts of the event. G.J., as the sole witness for the State, testified that the vehicle Lake hit was her burgundy Mercedes sedan. Lake testified that the vehicle she hit was a large, white sedan. The circuit court found G.J.'s testimony to be more credible and ordered restitution for $4,047.72.

¶4　Lake moved for postconviction relief alleging ineffective assistance of counsel at the restitution hearing. Lake argued counsel was ineffective for failing to call as witnesses two individuals who she claims would have testified consistently with her testimony that she hit a large, white sedan and not a burgundy Mercedes sedan. The circuit court denied Lake's motion without a hearing. Lake appeals.

**DISCUSSION**

¶5 When a postconviction motion is denied without a hearing, we review the motion to determine whether it alleges on its face sufficient facts that, if true, would entitle the defendant to relief. *State v. Allen*, 2004 WI 106, ¶9, 274 Wis. 2d 568, 682 N.W.2d 433. This determination presents a question of law that we review de novo. *Id.* If the motion raises sufficient facts, the circuit court must hold an evidentiary hearing. *Id.* However, if the motion does not allege sufficient facts, relies on conclusory statements, or otherwise conclusively shows that the defendant is not entitled to relief, the circuit court has the discretion to grant or deny a hearing. *Id.*

¶6 Lake argues trial counsel was ineffective for failing to call two witnesses at the restitution hearing that she claims would have contradicted G.J.'s testimony and bolstered her own. Whether counsel was ineffective is determined by a two-prong test. *Strickland v. Washington*, 466 U.S. 668, 687. Under the first prong, the defendant must show that counsel's performance was deficient. *Id.* Under the second prong, the defendant must show that he or she was prejudiced by the deficient performance. *Id.* Both elements must be satisfied; thus, if one prong is not met, there is no need to determine the other prong. *Id.*

¶7 To satisfy the first prong for deficient performance, "a defendant must establish, based on the totality of the circumstances, that counsel's performance fell below an objective standard of reasonableness." *State v. Savage*, 2020 WI 93, ¶31, 395 Wis. 2d 1, 951 N.W.2d 838.

¶8 Lake contends that counsel was deficient for failing to call Griffin Lake, Jr. and Glen Winstead as witnesses, because they would have contradicted the victim's testimony. Along with her postconviction motion, Lake filed letters

3

from both Lake, Jr., and Winstead that claimed Lake had hit a large, white sedan and not the vehicle described by the victim during the restitution hearing. The State argued that neither letter writer alleged that they actually witnessed the accident or that their letters were based on personal knowledge. Lake argued in response that based on the content of the letters, a factfinder could infer that the potential witnesses were at the scene of the accident and personally observed it.

¶9      Under WIS. STAT. § 906.02, a witness must have personal knowledge of a matter in order to testify to it. In their handwritten statements, neither Lake, Jr. nor Winstead claimed that they personally witnessed the accident or otherwise based their letters on personal knowledge. Although neither Lake, Jr., nor Winstead claim personal knowledge, Lake asserts that personal knowledge may be inferred, pointing out Lake, Jr.'s statement, "my sister struck a white large size sedan." We disagree.

¶10     Lake's postconviction motion must allege sufficient facts that, if true, would entitle her to relief. However, the facts upon which she relies—i.e., those alleged in the letters—are not based on the personal knowledge. In the absence of personal knowledge, neither witness's testimony would be admissible under the rules of evidence. WIS. STAT. § 906.02. Lake invites us to infer that the purported witnesses based their letters on personal knowledge, apparently based on the argument that they could not otherwise know what vehicle Lake hit without having witnessed the accident. Lake's argument suffers from circular reasoning, and we conclude there is no reasonable basis for inferring that the witnesses based the content of their letters on personal knowledge. Counsel is not deficient for failing to pursue meritless issues like calling witnesses whose testimony cannot be admitted into evidence. *State v. Sanders*, 2018 WI 51, ¶29, 381 Wis. 2d 522, 912 N.W.2d 16. Because we conclude that Lake failed to demonstrate deficient

performance, we do not discuss the issue of prejudice. *See **Strickland***, 466 U.S. at 687.

## CONCLUSION

¶13 We conclude that the circuit court properly denied Lake's postconviction motion without a hearing. Accordingly, we affirm the circuit court's judgment and order.

*By the Court.*—Judgment and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.