COURT OF APPEALS
DECISION
DATED AND FILED

March 31, 2026

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal Nos.** 2024AP1117-CR
2024AP1118-CR

Cir. Ct. Nos. 2017CF4811
2017CF5575

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT I

---

STATE OF WISCONSIN,

PLAINTIFF-RESPONDENT,

V.

BRENT C. BATEMAN,

DEFENDANT-APPELLANT.

---

APPEALS from judgments and an order of the circuit court for Milwaukee County: MICHELLE A. HAVAS, Judge. *Affirmed*.

Before White, C.J., Colón, P.J., and Geenen, J.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1 PER CURIAM. In these consolidated appeals, Brent C. Bateman appeals from judgments convicting him of one count of burglary as a party to the crime, one count of obstructing an officer, three counts of armed robbery, and three counts of felony bail jumping. Bateman also appeals from the order denying his motion for postconviction relief. Upon review, we affirm.

## BACKGROUND

¶2 In Milwaukee County Circuit Court Case No. 2017CF4811, the State charged Bateman with burglary as a party to the crime, possession of burglarious tools, criminal damage to property, and obstructing an officer. The charges stemmed from the burglary of a car dealership. Bateman was released from custody after posting bond.

¶3 In Milwaukee County Circuit Court Case No. 2017CF5575, the State charged Bateman with three counts of armed robbery and three counts of felony bail jumping. The charges stemmed from a string of armed robberies of T-Mobile stores that began three weeks after Bateman posted bond.

¶4 The State moved to join both cases for trial, and Bateman opposed. The trial court granted the joinder noting that the decision was "close." The court found that both cases involved the same defendant, attempts to steal property, were close in time, and were connected by the bail jumping charges. The court also noted that judicial efficiency and "a smoother running of courts" favored joining the cases.

¶5 The matter proceeded to trial where the jury ultimately found Bateman guilty of burglary and obstructing an officer in Case No. 2017CF4811 and of all counts in Case No. 2017CF5575. The trial court sentenced Bateman to

2

a total of 30 years of initial confinement followed by a period of extended supervision.

¶6 Following sentencing, Bateman, pro se, filed a postconviction motion alleging improper joinder, multiple instances of ineffective assistance of counsel, and that the overall effect of the improper joinder and trial counsel's errors were prejudicial when taken together. As to his ineffective assistance of counsel claims, Bateman alleged that trial counsel failed to object to: (1) unlawfully obtained Facebook posts; (2) improperly authenticated exhibits; (3) false testimony from a State's witness; and (4) an out-of-court identification based on a suggestive photo array. In a thorough, well-reasoned decision, the postconviction court addressed each of Bateman's claims and denied his motion without a hearing. This appeal follows.

## DISCUSSION

¶7 On appeal Bateman renews the issues in his postconviction motion; namely, improper joinder, ineffective assistance of counsel, and that the cumulative error warrants a new trial. He contends that the postconviction court erroneously denied his motion without a hearing. We disagree.

¶8 As to the joinder issue, there is a two-step process for determining whether joinder is proper. First, the court must determine whether the statutory criteria have been satisfied. The statute permits joinder of two or more crimes that are "of the same or similar character," or are "based on the same act or transaction[s]," or are connected as "parts of a common scheme or plan," regardless of whether the crimes were charged in one or more complaints. *See*

3

WIS. STAT. § 971.12(1) and (4) (2023-24).[1] Second, even if joinder would be permissible under the statute, the court may direct that the charges be tried separately to avoid prejudice to the defendant. Sec. 971.12(3). Our supreme court "'has historically favored' initial joinder particularly when the charged crimes were all 'committed by the same defendant.'" *State v. Salinas*, 2016 WI 44, ¶36, 369 Wis. 2d 9, 879 N.W.2d 609 (citation omitted). The joinder statute serves several goals and purposes, including: "(1) trial economy and convenience; (2) to promote efficiency in judicial administration; and (3) to eliminate multiple trials against the same defendant, which promotes fiscal responsibility." *Id.*

¶9      As the trial court explained, the statutory criteria for joinder were met in this case. The crimes were all committed by the same defendant, all involved some form of property taking, and the cases were connected by three bail jumping charges which would likely involve overlapping evidence. We agree with the trial court that judicial efficiency favored joining Bateman's two cases for trial.

¶10     Bateman also contends that his trial counsel was ineffective in multiple ways. To establish ineffective assistance of counsel, a defendant must show that counsel's performance was deficient and that such performance prejudiced the defense. *Strickland v. Washington*, 466 U.S. 668, 687 (1984). We need not address both components of the analysis if a defendant makes an inadequate showing on one. *Id.* at 697. We affirm the trial court's findings of fact unless they are clearly erroneous, but the determination of deficient performance

---

[1] All references to the Wisconsin Statutes are to the 2023-24 version.

and prejudice are questions of law that we review without deference to the trial court. *State v. Pitsch*, 124 Wis. 2d 628, 633-34, 369 N.W.2d 711 (1985).

¶11 Here, the postconviction court rejected Bateman's ineffective assistance of counsel claims without a hearing. Therefore, the relevant question for our review is whether Bateman alleged sufficient material facts that, if true, would show ineffective assistance of counsel. *See State v. Allen*, 2004 WI 106, ¶14, 274 Wis. 2d 568, 682 N.W.2d 433. We review this question de novo. *Id.*, ¶9. A hearing is not required if the defendant "does not raise facts sufficient to entitle the [the defendant] to relief, or presents only conclusory allegations, or if the record conclusively demonstrates that the defendant is not entitled to relief[.]" *Id.* In order to allege sufficient facts, the defendant must "allege the five 'w's' and one 'h'; that is, who, what, where, when, why, and how." *Id.*, ¶23.

¶12 Bateman argued in his postconviction motion that trial counsel had failed to "move for suppression of any and all Facebook evidence obtained in violation of the defendant's Fourth Amendment right, thus making those records inadmissible." He argued that the State had failed to "produce a warrant for" certain Facebook records used at trial.

¶13 The postconviction court rejected this argument on the grounds that Bateman could not show that any of the Facebook evidence used at his trial was obtained without a warrant as the record showed that two warrants were indeed procured. Therefore, Bateman's motion failed to show that he had a viable suppression motion. The record supports the postconviction court's finding.

¶14 Bateman next contends that his trial counsel was ineffective for failing to object to the use of what he contends were unauthenticated Facebook records. At trial, an investigator for the Milwaukee County District Attorney's

5

Office testified that the exhibits presented at trial were fair and accurate depictions of the records received from Facebook pursuant to the warrants executed. Bateman's contention that only he could verify whether he made certain posts or not is not the standard for authentication. WISCONSIN STAT. §§ 909.01 and 909.015 provide the framework for authentication. Section 909.01 provides that "[t]he requirements of authentication or identification as a condition precedent to admissibility are satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims." One way to lay a foundation is through the "[t]estimony of a witness with knowledge that a matter is what it is claimed to be." Sec. 909.015(1). Authentication involves a threshold of proof merely "sufficient to support a finding that the matter in question is what its proponent claims." Sec. 909.01.

¶15 Here, the investigator's testimony was sufficient to provide a threshold of proof that the Facebook posts were indeed Bateman's posts. Once the posts were admitted, "the jury was left to resolve whether he actually [made the posts], what he meant by them, and how that weighed in its determination of whether he was guilty of the charges." *See State v. Giacomantonio*, 2016 WI App 62, ¶25, 371 Wis. 2d 452, 885 N.W.2d 394. Accordingly, we agree with the State that an objection to the Facebook evidence on authentication grounds would have been without merit, and "[c]ounsel does not perform deficiently by failing to bring a meritless motion." *State v. Sanders*, 2018 WI 51, ¶29, 381 Wis. 2d 522, 912 N.W.2d 16.

¶16 Bateman next contends that trial counsel was ineffective for failing to object to the introduction of a photograph depicting a man with money in his hand and a gun in his front pocket. Bateman asserts that the man in the photograph is not him. The evidence was introduced through the investigator as it

was retrieved from Bateman's Facebook account. Bateman argued that counsel failed to object to "false testimony and evidence," specifically the witness's testimony that the photo in question depicted Bateman. As a basis for this claim, Bateman asserted that he "believes the State and [the investigator] lied about the photo," and that "it should've been obvious … that there were problems with [the investigator's] assertions regarding the identity of the person in the photo." Bateman's assertions are conclusory. There is no indication in the record that the investigator or the State knowingly presented false evidence or testimony. We do not address this issue further. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) ("We may decline to review issues inadequately briefed.").

¶17    Bateman's last ineffective assistance of counsel claim is that trial counsel was ineffective for failing to move to suppress the out-of-court identification by one of the witnesses who worked at one of the T-Mobile stores Bateman robbed. Following the robbery, the victim described the perpetrator to law enforcement as "black male, 22-27 years old, light to medium brown complexion, dark brown eyes, wearing a gray and black colored jacket, [and] a red t-shirt that could be seen coming out from underneath the bottom of the jacket[.]" Bateman contends that the victim's identification stemmed from a suggestive photo array because only Bateman's photo depicted someone wearing a red t-shirt. The State did not dispute that only Bateman was wearing a red t-shirt in the photo array. However, the postconviction court denied Bateman's claim on the grounds that the victim testified that she recognized Bateman from his eyes in the photo array—not from his clothing. The record supports the postconviction court's finding. The victim testified that the perpetrator was masked and that she could see his eyes during the robbery, namely, the color of his eyes. A defendant

challenging identification evidence must show that procedure used in the identification was impermissibly suggestive. ***Powell v. State***, 86 Wis. 2d 51, 65-66, 271 N.W.2d 610 (1978). Here, there is no evidence that Bateman could meet this burden. Therefore, a pretrial suppression motion would have been meritless. Counsel is not ineffective for failing to file a meritless motion. *See **Sanders***, 381 Wis. 2d 522, ¶29.

¶18 Lastly, Bateman contends that the cumulative effect of the joinder and the ineffective assistance of counsel claims warrants a new trial. As we have explained, none of Bateman's claims—taken either individually or together—warrant a new trial. For the foregoing reasons, we affirm the judgments of conviction and the postconviction order denying Bateman's motion for a new trial.

*By the Court.*—Judgments and order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.